## BILLINGS v. KOTHE.

1. **Practice : NOTICE OF MOTION.** Where a notice of a motion to vacate a judgment was not served on the plaintiff, but plaintiff appeared and moved to correct the record, his motion being sustained the day after the motion to vacate was filed, and he excepted to the ruling of the court upon the latter motion, *held*, that he suffered no prejudice from the want of formal notice.

2. ———: **SERVICE BY PUBLICATION : JURISDICTION.** The publication of an original notice in an action, aided by attachment, against a non-resident defendant, made and completed before the filing of the petition and the issuance of the writ of attachment, does not confer jurisdiction to render a judgment and order directing the sale of the attached property.

*Appeal from Butler Circuit Court.*

THURSDAY, JUNE 13.

As nearly as can be ascertained from the abstracts on file in this case, it appears that on the 1st day of March, 1877, the plaintiff filed in the office of the clerk of the court below an affidavit for publication of an original notice. What this affidavit contained does not appear. On the 3d day of March, 1877, the plaintiff caused an original notice to be published in a newspaper called the *Butler County Press*, notifying the defendant that on or before the 29th day of March, 1877, there would be on file in the office of said clerk a petition of plaintiff claiming of defendant one hundred and fifty dollars on account, and that unless he should appear thereto and defend before noon of the second day of the April Term, 1877, of said court, convening on the ninth day of said month, a default and judgment would be entered against him.

On the 27th day of March, 1877, the petition was filed, which for its cause of action followed the original notice, and asked that a writ of attachment issue.

The ground for the issuance of the writ was stated to be,

"that defendant is a non-resident of the State of Iowa, and has property therein subject to execution."

A writ of attachment was issued on the same day, and it was levied upon certain real estate of the defendant.

At the April Term, 1877, a default and judgment was entered against the defendant. On the 11th day of June, and in vacation, defendant filed a motion to set aside the default, and that the cause be retried. No bond for costs was filed, as provided by section 2877 of the Code, and no notice of the motion was given to the plaintiff.

At the September Term, 1877, of said court the defendant appeared and filed a motion, asking that the record of the cause be not signed nor approved, for the reason that the court had no jurisdiction over the subject-matter or person of the defendant, "because the judgment is a judgment *in rem*, and there was no property in the court at the time of publication of notice, whereby the court did not obtain jurisdiction."

The records of the April Term, 1877, were not read and signed until the said September Term.

At the same term the plaintiff appeared and moved to correct the record as to the time of filing the affidavit of publication. It appears that the same was not marked filed until after the publication of the notice was completed, but was in the office of the clerk before any publication was made. This motion was sustained.

On the same day the cause came on for approval of the record of the previous term, and it was found from the records and papers on file that the original notice was fully published before any petition was filed, and before the writ of attachment issued. It was ordered and adjudged that the judgment and order entered at the April Term be vacated and set aside, because the court was without jurisdiction. To this order the plaintiff then and there excepted. Plaintiff appeals.

*M. E. Billings & Co.,* for appellant.

*G. C. Wright,* for appellee.

ROTHROCK, CH. J.—I. It is urged that the court below ought not to have entertained the defendant's motion to vacate the judgment, because notice thereof was not served on the plaintiff. It is sufficient to say, in answer to this objection, that as plaintiff appeared and moved to correct the record, which was sustained on the day after the defendant's motion was filed, and the plaintiff was present and excepted to the order vacating the judgment, no prejudice resulted to him for the want of a formal notice of the motion.

*1. PRACTICE: notice of motion.*

II. The only question presented in this record which we can properly consider, and to which exceptions were taken in the court below, is whether the publication of an original notice, in an action against a non-resident defendant, made and completed before the filing of the petition and the issuance of the writ of attachment, gives the court jurisdiction of the attached property so as to render a judgment and order directing it to be sold in satisfaction of the plaintiff's demand.

*2. ———: service by publication: jurisdiction.*

The authority for service by publication is found in section 2618 of the Code, which provides that "service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant within this State, in either of the following cases.  *   *   *   *   *   *Fifth*—In actions brought against non-residents of this State or a foreign corporation having in this State property  *   *   *   *   * sought to be taken by any of the provisional remedies  *   *   *   *   *   *." It will be observed that by the foregoing provisions the service may be made by publication in actions *brought*. While it is true an action is said to be commenced by serving the defendant with an original notice, yet it cannot be said to be *brought* until a petition has been filed setting forth the cause of action. We think there is no authority to serve by publication until after the action is fully brought. This view is strengthened by section 2619, which provides that "the publication must be made by publishing the notice

\* \* \* \* in some newspaper in the county *where the petition is filed.*"

The publication of the notice at a time not authorized was a defect in the proceedings which could not be amended, and we think the court did not err in setting aside the judgment as soon as the want of jurisdiction was discovered.

AFFIRMED.