FOSTER ET AL. v. HENDERSON.

1. **Jurisdiction**: PRACTICE: SERVICE BY PUBLICATION.  It is not essential to the acquiring of jurisdiction, in a case where service of the original notice is properly made by publication, that the petition should be filed before the publication is made.  *Billings v. Kothe*, 49 Iowa, 34, overruled.  ROTHROCK and SEEVERS, JJ., *dissenting*.

*Appeal from Mitchell District Court.*

TUESDAY, JUNE 22.

THIS action, while docketed as above, appears to have been brought by Henderson to foreclose a mortgage against Jane Foster and John Foster.  Service of notice was made by publication, the last publication being on the 21st day of February, 1878.  No petition was filed until the day after publication was completed.  Judgment was taken by default, and a decree entered.  About one year afterward the Fosters appeared and filed a motion to vacate and annul the decree upon the ground of want of jurisdiction, arising, as is alleged, from the fact that the petition had not been filed when the service of the notice was made.  The court overruled the motion, and the Fosters appeal.

*L. M. Rice*, for appellants.

*Cyrus Foreman*, for appellee.

ADAMS, CH. J.—Very nearly the same question was presented in *Billings v. Kothe*, 49 Iowa, 34.  That case differs

1. JURISDIC-
TION: prac-
tice: service
by publica-
tion.

from this only in the fact that that case was an action at law for an attachment.  Counsel for the appellant undertake to make a distinction between the two cases, but it appears to us that no valid distinction can be made.

It was held in *Billings v. Kothe*, that the petition should be on file at the time of the publication of notice.  Upon a

former hearing of the case now before us, this court followed *Billings v. Kothe*, though not without considerable doubt in regard to its correctness. A rehearing having been applied for, we readily granted it, not only because we had come to entertain doubts, but because the case involved a question of jurisdiction with all the far reaching consequences which usually appertain to such a question.

The question arises upon the construction of section 2618 of the Code, which provides, among other things, that service may be made by publication "in actions brought against a non-resident of this State   *   *   *   having in this State, property," etc.

The idea which controlled the decision in *Billings v. Kothe* was that service by publication could be made only in actions *brought*, and that an action could not be said to be brought until a petition had been filed. This construction, at first view, seems to be the easiest and most natural, and we believe it to be the one which has been generally adopted and acted upon by the profession, but we have reason to think that the practice has not been uniform in this respect. It seems probable to us that many judgments and decrees have been obtained and acted upon where service by publication was made before the petition was filed. We have felt constrained, therefore, to give the question a very careful consideration.

There is nothing, it appears to us, in the nature of the case which should require the petition to be filed before service should be made by publication. The sense of the legislature upon this point has been expressed by an act entitled: An act to legalize the service of original notices by publication in cases where the petition has not been filed until after the publication of original notice: being chapter 124 of the Acts of Eighteenth General Assembly. That the same legislature which enacted the Code did not consider that there was anything in the nature of the case which would require the petition to be filed before service of notice should be

made, is indicated by the fact that the Code expressly contemplates that personal service may be made before the petition is filed. In proceeding, then, to consider the meaning of the words used, we are wholly untrammeled by any necessity for the construction contended for by appellants, arising out of the nature of the case.

The word *brought*, strictly considered, it must be conceded, implies that the bringing has been completed. That is the force of the tense used, grammatically considered. But there is another consideration to be taken in connection with the grammatical one. Indeed, it is impossible to give the word *brought* the full force which its tense would call for, if we apply it to the case as it stands before service of notice. An action is not fully brought until the service of the notice has been made and a petition has been filed. The service of notice is an essential part of the bringing. No action then can be brought before the service, unless an act can be completed while a part remains to be done.

The trial court, in the outset, is required to determine whether enough has been done to enable it to take jurisdiction. If enough has been done for that purpose, the action is brought. The service of notice, whether personal or by publication, is, when viewed from that stand-point, in an action brought. In this view there is no difficulty, grammatical or other. If we take the word *brought* as applicable to the action before service is made, we incur the difficulty above pointed out.

In our opinion the decision in *Billings v. Kothe* must be overruled. No important rights have grown up under it. On the other hand, if it is erroneous, as we now believe, it might have the effect to do great injury to certain individuals. It is true the legislature attempted to apply a remedy by the act above referred to, but where courts have acted without jurisdiction, it is doubtful whether the difficulty is not beyond the reach of curative statutes.

The motion to set aside the decree, we think, was correctly overruled.

AFFIRMED.

ROTHROCK, J., *dissenting.*—I cannot concur in the conclusion reached in the foregoing opinion, nor in the reasoning upon which it is founded. I adhere to the views expressed in the opinion in *Billings v. Kothe*, 49 Iowa, 34, believing that opinion to be a correct construction of the sections of the statute involved in that case and in this.

It is provided that the publication must be made in the county "where the petition is filed." Code, Sec. 2619. Now, how a publication can be made where the petition is filed, without a petition being on file when the publication is made, is more than I can understand.

I am authorized to say that SEEVERS, J., unites in this dissent.