VAUGHAN v. STONE ET AL.

1. **Tax Sale:** INSUFFICIENCY OF DESCRIPTION. Evidence considered and held to establish the invalidity of a tax sale for want of proper description of the property sold.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 14.

It is claimed by the plaintiff that certain real estate belonging to the defendants was sold for the non-payment of taxes and assessments levied by the city of Council Bluffs. The city is incorporated under special charter. The sale was made by the marshal of the city and a certificate describing the premises sold executed by the marshal to the purchaser, to whom a deed was executed by the mayor of the city.

This action was brought to foreclose the defendant's equity of redemption in and to said real estate. A decree was entered dismissing the petition, and the plaintiff appeals.

*James, Aylesworth & Mynster,* for appellant.

*Dailey & Burke* and *L. W. Ross,* for appellees.

SEEVERS, J.—The material question is whether the real estate was sold and conveyed by a sufficient description, or, in other words, whether the deed executed by the mayor is not void for uncertainty. The sale was made in March, 1868. As there is no evidence to the contrary, it must be presumed the marshal did his duty

1. TAX SALE: insufficiency of description.

and executed to the purchaser a certificate at the time the property was sold, which contained a correct description of the real estate. That there was, in fact, a certificate executed by the marshal, is admitted. It has been lost or mislaid, and its contents have not been established.

There was introduced in evidence a tax sale register made by the officers of the city. In it is found a description of the real estate sold. The entries in this register were made soon after the sale, and the description of the real estate was obtained either from the marshal's certificate or tax-books. As the description in the register is different from that contained in the tax-books, it must have been obtained from the certificate.

The property sold is described in the register as " northwest corner, 193," and this same description is contained in the first deed executed by the Mayor in May, 1878. Such a description of real estate is void for uncertainty, and we do not understand counsel for appellant to claim otherwise.

On May 10, 1879, the mayor made another deed which purports on its face to have been executed for the purpose of correcting a mistake in the previous deed in the description of the premises sold. In this deed the premises are described as " 44 feet by 100 feet of the northwest corner of lot 193." This description accords with the tax list and assessor's books, and will be conceded to be sufficient. The question, then, is whether the mayor had the power and authority to execute the last conveyance. It will be conceded he had if the property was, in fact, sold by the description contained therein.

All the evidence there is which in any degree tends to show what property was sold is the tax list register of sales, the first deed, and the presumption which must prevail as to the description contained in the marshal's certificate. We think the preponderance of the evidence is with the defendants, and that the mayor did not have authority to execute the last conveyance. The certificate and register, we think, constitute the best evidence of what was actually sold. If

this is not so, they in connection with the first deed make a clear *prima facie* case for the defendants, which is not overcome by the tax list.

AFFIRMED.