ROBERTS v. DEEDS ET AL.

1. **Tax Deed**: DESCRIPTION: UNCERTAINTY OF. Where the description of the property in the tax books and tax deed was not sufficiently certain to identify the land and to enable a surveyor to locate it the tax deed will be void, and the defect in the description cannot be cured by extraneous evidence.

2. ——: ——: SALE INVALID. The defect in the description would invalidate a sale made to enforce a lien for the taxes upon personal property, as well as a sale for the taxes upon the land itself.

3. ——: TAXES PAID BY PURCHASER: RECOVERY OF. Where the tax sale and deed transferred no interest in the land in question, for the reason that there was no description of the property in any of the proceeedings, the purchaser cannot recover the amount of taxes paid by him.

*Appeal from Washington District Court.*

MONDAY, DECEMBER 12.

ACTION to quiet the title of certain land in plaintiff, and to recover the possession thereof. There was a decree granting the relief sought in plaintiff's petition; defendants appeal.

*John W. Templin*, for appellants.

*Jackson Roberts, appellee, pro se.*

BECK, J.—The title of plaintiff under which he seeks to recover the land in question is based upon a sale for taxes and a

deed executed by the treasurer thereon. The land is described in the original petition as the " N. W. part of N. E. N. E., section 31, township 74, range 8 west, containing three acres." The pleadings and proof show that the land was assessed to Edward Deeds, and listed for taxation by this description, which is the only description of the property found in the tax-books. The taxes levied upon the land itself were paid. The tax sale was for delinquent taxes levied upon personal property assessed to Edward Deeds. The land in question was occupied by defendants, who are husband and wife, as their homestead, but it was never platted as such. Its true description is as follows:

"Commencing at the northwest corner of the northeast quarter of the northeast quarter of section thirty-one (31), in township number seventy-four (74), north of range number eight (8) west, thence running east eleven rods and eleven links, thence south eight rods, thence east four rods, thence south twenty-three rods and six links, thence in a southeast direction about fifteen feet to lands owned by Jas. H. Auld, thence south on said Jas. H. Auld's west line nine rods to the north side of Main street in the town of Brighton, thence west along the north side of said Main street five rods and eleven links and eight feet, thence north sixteen rods, thence west ten rods, thence north about twenty-five rods to the place of beginning."

The following plat, made an exhibit by plaintiff, shows at a glance the part of the N. E. ¼ of the N. E. ¼ of section 31, township 74 N., R. 8 W., owned by Deeds, which plaintiff claims is covered by the description as found in the assessment and tax books, and also in the treasurer's deed executed upon the tax sale:

Roberts v. Deeds.

EXHIBIT "A" TO PLAINTIFF'S AMENDED PETITION.

Section line.      NORTH.

It will be observed that the area of the land as shown by the true description is less than three acres, the quantity called for by the description used in the tax books and treas-

urer's deed.  Deeds owned no other land in the N. E. ¼ of the N. E. ¼ of section 31.

II.  The decisive question in this case is this:  Is the description used in the tax books and deed sufficient to identify

1. TAX DEED :
description :
uncertainty
of.

the land owned by Deeds?  We are of opinion that it does not.  It describes the land as being the "N. W. part" of the "forty," but the land extends across the whole "forty," and a part of it does not lie upon the west line thereof.  It cannot therefore be described as "N. W. part" of the "forty."  The description does not indicate the figure of the land.  An indefinite number of tracts of three acres could be surveyed, each of which would be the N. W. part of the "forty."  Yet the tract owned by defendants could not be covered by any one of such surveys for it in truth is not the "N. W. part."  A surveyor could not with the description before him even approximately locate the land.  The description is therefore void for uncertainty.  It cannot be recognized by the law, for the simple reason that it as no description at all.  It contains no data from which the locality of the land can be discovered.  Familiar rules of law hold as void all instruments affecting real estate wherein the descriptions are of this character.  These rules apply to assessments of taxes, and sales thereon, and to deeds for lands sold for taxes.  *Head v. James et al.*, 13 Wis., 641; *Lessee of Hannel v. Smith*, 15 Ohio, 134.

The statute requires land to be assessed by a "description sufficient to identify it."  Code, § 821, ¶ 2.  A failure to comply with this provision defeats the assessment, for the reason that in matters of taxation the statutes applicable thereto must be observed.

The defect, or rather the absence of description, found in the assessment, tax books, and treasurer's deed cannot be cured by extraneous evidence.  It is not in the nature of a latent ambiguity which may be explained.  Nor can evidence be received to apply the assessment and deed to the land contem-

plated by the intentions of the assessor or treasurer who executed the deed.

The tax proceedings and deed being void for this uncertainty, or rather absence of description, are to be regarded as incapable of support in this manner. As the absence of description runs through all tax proceedings and the treasurer's deed, one cannot have support from the others, all being alike void.

The description in this case, as it in no manner points to the land in question, which cannot be identified by any inquiry therein suggested, nor discovered from any data found therein, is unlike the descriptions held sufficient in the following cases, viz., *Immegart v. Gorgas et al.*, 41 Iowa, 439; *Judd v. Anderson*, 51 Iowa, 345. The descriptions in these cases locate each tract of land in a given corner of a government subdivision, a " forty," and specify the number of acres in each tract. The corner of the forty thus becomes a fixed monument, and the government lines become boundaries of the tract. As the description is held to call for a tract in a square form all its boundaries may be readily determined. But in this case the land is described as " three acres in the N. W. part " of a forty. The description does not call for either monuments or boundaries. It is applicable to an indefinite number of tracts of three acres which do not touch any line of the forty or have a corner common therewith. The cases cited do not, therefore, we think, support the ruling of the court below.

Upon the question of the invalidity of the assessment and tax deed because of the absence of sufficient description, see *Blair Town Lot Co. v. Scott*, 44 Iowa, 143; *Bosworth et al. v. Farenholz*, 3 Iowa, 84; *Vaughan v. Stone*, 55 Iowa, 213.

III. The plaintiff insists that as the tax upon defendant's personal property is made by the statute a lien upon his real

2. —: —: estate, no question of the assessment thereof
sale invalid. arises in this case. The position appears to be this: the assessment of defendant's personalty is regular and suffi-

cient, the tax levied thereon is a lien upon the lands owned by Deeds, which was properly sold for the tax in the absence of any assessment thereon. The position, for the purposes of the case, and without so holding, may be admitted. But the insuperable difficulty in the way of granting plaintiff relief, if this position be correct, is the absence of description of the land in the tax books, upon which the sale was made, and in. the treasurer's deed. If the treasurer was authorized to sell the lands owned by Deeds to enforce the lien for taxes, the sale and deed made under it are void because of ˙ the absence of a description of the land. The defect in the description would invalidate a sale to enforce a lien upon personal property as well as a sale for the taxes upon the land itself.

IV. Plaintiff asks in his petition that if the treasurer's deed be declared void judgment may be rendered against the defendants in favor of plaintiff for the sum required to redeem the land from the taxes and the tax sale, which shall be declared to be a lien upon the land owned by Deeds as correctly described in the petition and the plat made an exhibit thereto.

3. ——: taxes paid by purchaser: recovery of.

We have held that where there is a void sale or deed upon a valid tax the purchaser at the tax sale may recover from the land-owner the amount required to redeem the land from taxes. *Everett v. Beebe*, 37 Iowa, 452. This case has been often followed. The ground of this ruling is that by the sale and tax deed all the right, title, interest, and claim of the county and State to the land sold is transferred to the purchaser. See Code, § 897. The interest of the county and State in the land is measured by the tax. Hence we hold that as the sale transfers to the purchaser that interest he may recover the tax from the land-owner. But the section of the Code above cited does not provide that the sale and deed shall operate to transfer to the purchaser the tax. And there is no statute to that effect. The tax was not, therefore, transferred to plaintiff by the deed and other proceeding. The sale and deed transferred no

interest in the lands in question for the reason, as above shown that there was no description of the property found in any of the proceedings. The deed, assessment, and other tax proceedings being void, the sale transferred nothing to the purchaser. He cannot, therefore, claim to recover the tax as the transferee of the State and county.

This conclusion is in accord with *Early v. Whittingham*, 43 Iowa, 162. We are, therefore, of the opinion that plaintiff cannot, in this action, recover against defendants the amount of the taxes assessed against his personal property. Other questions discussed by counsel need not be considered as the points ruled herein are decisive of the case.

The court below should have dismissed plaintiff's petition.

REVERSED.