### C. R. HUBBARD v. A. H. ARNOLD.

(No. 537.)

TAX DEED.— Description must be such that the land can be identified with reasonable certainty.

APPEAL from Lampasas county. Opinion by WATTS, J.

STATEMENT.—Appellee brought trespass to try title against appellant for the land in suit, and, in addition to the ordinary allegations, set out in substance the title through which appellant claimed the land and alleged various defects, etc., therein. The important questions presented by the assignment of errors are: 1. That court erred in excluding tax deed. 2. Court erred in excluding evidence of payment of taxes on the land by appellant.

The land was described as follows in the tax deed: "That whereas certain taxes are due the state of Texas, and the county of Lampasas, by the unknown owner of the following lands, assessed against him for the year 1878 on following tracts or parcels of land, viz., one hundred and sixty acres of land described as follows: Abstract No. 231, granted by patent vol. — to John N. Gracy on the —— day of ——, A. D. 18—. And for metes and bounds of same reference is hereby made to said patent vol. —. Also one hundred and sixty acres of land described as follows: Abstract

No. 13, granted by patent No. 364, vol. —, to A. H. Arnold, on the —— day of ——, A. D. 18—, and for metes and bounds reference is hereby made to the said patent No. 364, vol. —, dated as aforesaid."

OPINION.— The court did not err in excluding the tax deed. The statute points out the requirements of listing and assessing property. See R. S., art. 4711. It is also provided by statute that in the collector's deed the same description of the land shall be given as is contained in the tax rolls, and such additional description as may be practicable for the better identification of the land. R. S., art. 4756. Here the only matters of description contained in the deed are the abstract number and patent number; also number of acres in each survey, with names of original grantees; but neither the number of the volume nor date of patents is given, nor is the value of the respective tracts stated. It is well settled that the tax deed must contain such description of the land that its identity and locality may be determined with reasonable certainty, otherwise it will be held inoperative. Bingham v. Smith, 64 Me., 450; Wilkins v. Tourtellot, 28 Kan., 843; Orton v. Noonan, 23 Wis., 105; Roberts v. Deeds, 57 Iowa, 320; Wofford v. McKinna, 23 Tex., 43.

While it is true that extrinsic evidence is ordinarily admissible to aid in applying the calls contained in the deed to the particular land (Winkley v. Kane, 32 N. H., 268; Crooks v. Whitford, 47 Mich., 283), still the description contained in the deed must be certain within itself, and not such as would require other evidence to make it certain. Winkler v. Higgins, 9 Ohio St., 599. Here some of the matters of description required by the statute are omitted from the deed. The description as given is not certain within itself.

The deed of the collector of taxes is not evidence of title within itself, but a valid assessment and other requisites eventuating in a valid sale must be shown.

AFFIRMED.