## HINTRAGER *v.* NIGHTINGALE *et al.*

*(Circuit Court, N. D. Iowa, E. D.* December 18, 1888.)

1. TAXATION—TAX TITLE—ACTION TO QUIET—LIMITATIONS—COMMENCEMENT OF ACTION.

Code Iowa, § 2599, provides that actions in a court of record shall be commenced by serving defendant with a notice. Title 17 of the Code, which is: "Of the limitation of actions," chapter 2, enacts the time within which actions of the various classes named, not including actions in regard to land, based on tax titles, may be brought; and section 2532, a part of the chapter, provides that the delivery of the notice to the sheriff with intent that it shall be served immediately, or the actual service by another person, is the commencement of the action. *Held,* that the latter provision as to what constitutes the commencement of an action applies only to those named in that chapter, and that the former provision, being the general rule, determines what shall be the commencement of an action on a tax title to quiet adverse claims.

2. SAME.

Where a purchaser at a tax sale brings an action to quiet title, under a city treasurer's deed, and afterwards amends the petition, setting up a deed from the county treasurer, the action as to the land in the latter deed is not deemed to have been commenced till such amendment, within the meaning of Code Iowa, § 902, requiring actions for the recovery of land sold for taxes to be brought within five years from execution and recording of the treasurer's deed.

3. SAME.

Under Code Iowa, § 897, providing that when a county treasurer's deed on a sale for taxes is executed and recorded the title shall vest, an action to quiet title by a purchaser who has neglected to complete his title by having his deed recorded, for the period of limitation during which defendants have been in possession, is barred.

4. SAME—TAX DEED—DESCRIPTION—CERTAINTY.

Under Code Iowa, § 821, requiring land to be assessed by a description sufficient to identify it, a sale for taxes describing the land as an undivided portion of the south middle 31 2-12 feet of a certain lot, the lot not being capable of fractional divisions of the size mentioned, is void for uncertainty of description.

5. SAME—LIEN FOR TAXES PAID.

Plaintiff being the actor, and defendant asking for no affirmative relief, a right to have taxes paid by plaintiff declared a lien on the land must be a legal right, and, the land sold being insufficiently described, the lien cannot be declared.

6. SAME—QUIETING TITLE—RIGHT TO MAINTAIN—PART OWNER.

The purchaser at a tax sale of an undivided interest in land may bring an action to quiet title against persons denying his right and title to any and all parts and interests; it not being necessary for him to turn out his co-owners in so doing.

In Equity. On demurrer to bill.

Bill by William Hintrager to quiet title, against Martha A. Nightingale and James H. Stout. Code Iowa, § 902, provides that actions for the recovery of land sold for taxes shall not lie unless brought within five years from the recording of the treasurer's deed.

*D. C. Cram*, for complainant

*Henderson, Hurd, Daniels & Keisel*, for defendants.

SHIRAS, J. This suit was originally brought in the circuit court of Dubuque county against Martha A. Nightingale alone, the original notice therein being delivered to the sheriff for service June 29, 1883. Service was made July 11, 1883, and the petition was filed October 11, 1883. The purpose of the suit was to quiet the title to the premises in the petition described, the petitioner claiming to be the owner thereof by virtue of a tax deed issued to him by the treasurer of the city of Dubuque. Subsequently the petitioner filed an amendment setting forth the execution and delivery to him of a tax deed by the treasurer of Dubuque county, Iowa, covering two sales,—one for the taxes of 1874, the sale being made December 6, 1875; and the other for the taxes of 1876, the sale being made November 5, 1877, the deed being dated December 6, 1883, and being filed for record December 7, 1883. On the 15th day of September, 1883, the defendant Nightingale conveyed the premises to James H. Stout, a citizen of Missouri; and on the 5th day of May, 1885, the petitioner filed an amendment making Stout a party defendant, who appeared in the cause, and thereupon the suit was removed to this court, and the pleadings were reformed to conform to the rules and practice of this court. The bill seeks, in the first place, a decree quieting complainant's title to the north 30 feet of the south 32 3-12 feet of lot 94 in the city of Dubuque, it being averred that complainant is the owner thereof in fee-simple by virtue of the two deeds already referred to and executed by the treasurer of the city and of the county of Dubuque, respectively.

Several questions are presented by the demurrers to the bill, and we will consider first the rights of complainant under the deed executed by the treasurer of the city. The defendants urge that it appears, on

the face of complainant's bill, that his rights thereunder are barred by the lapse of time, for the reason that the bill shows that the defendants are now and have been continuously in the actual possession of the premises ever since the sale thereof for taxes, and that the complainant did not bring any action to recover possession until more than five years had elapsed after his right had accrued, and that therefore the complainant is barred by the provisions of section 902 of the Code of Iowa. Complainant avers that the provisions of the several sections of the Code touching tax sales are applicable to sales made for the delinquent city taxes, and there is no question, therefore, that by section 902 of the Code the action for the recovery of the property will not lie unless brought within five years after the tax deed is executed and recorded. It is well settled by the decisions of the supreme court of Iowa that the tax purchaser cannot, by delaying to procure and record his deed, extend the time allowed by the statute for the bringing suit. There is no question, either, that a bill to quiet title, to be aided by a writ of assistance, is an action for the recovery of the property, within the meaning of the statute. The sole question for decision, therefore, is whether the action was brought within the five years after the tax purchaser became entitled to his deed. Upon the expiration of the three years allowed for redemption, or, as is claimed by defendants, of two years and nine months and ninety days, the five-year limitation begins to run, so that substantially the holder of the tax title must bring his action within at furthest eight years from the date of the sale, or the same will not lie against the owner of the premises. The sale upon which the deed from the city treasurer is based was made June 29, 1875. Was the action brought within the eight years therefrom? As already stated, the original notice was delivered for service to the sheriff June 29, 1883, but was not actually served on the defendant Nightingale until July 11, 1883. The general provision of the Iowa Code upon this subject is found in section 2599, which enacts that "actions in a court of record shall be commenced by serving the defendant with a notice," etc. The supreme court of Iowa holds that this section defines what shall in general be deemed to be the bringing or commencement of an action. *Parkyn* v. *Travis,* 50 Iowa, 438; *Foster* v. *Henderson,* 54 Iowa, 222, 6 N. W. Rep. 186; *Proska* v. *McCormick,* 56 Iowa, 319, 9 N. W. Rep. 289. If, therefore, its provisions are applicable to actions brought upon tax deeds for the recovery of the realty, such as is the present suit, then it is clear that this suit was not brought within the five years, as required by section 902, because in the bill itself the complainant admits that service of the notice was not had until July 11, 1883. On part of complainant, however, it is argued that the time when the suit was brought is to be determined by the provisions of section 2532 of the Code, which enacts that "the delivery of the original notice to the sheriff of the proper county, with intent that it shall be served immediately, * * * or the actual service by another person, is the commencement of the action." This section forms part of chapter 2, tit. 17 of the Code, which is entitled "Of the limitations of actions." The five-year limitation affecting actions brought for the re-

covery of lands sold for taxes does not form part of this chapter, nor do any of the limitations of the chapter apply to this class of suits. The chapter deals with a large variety of actions, and enacts the times within which actions of the various classes named in the chapter must be brought to be maintainable; but, as already said, the actions named do not cover suits of the present character. Should not, therefore, the provision that suit shall be deemed to be commenced by the delivery of the notice to the sheriff for immediate service be applied only to the classes of action named in the chapter? Counsel have not cited, nor have I been able to find, any decision of the supreme court of Iowa upon this exact point. That court has, however, decided that section 2599 gives the general rule for determining when an action is to be deemed to have been commenced, and that section 2532 applies only to the question of the limitations of time. It is, of course, a fair argument from this that this section is applicable to all limitations upon the time within which suits may be brought; but, in the case of *Proska* v. *McCormick*, 56 Iowa, 319, 9 N. W. Rep. 289, the court held, where a written contract provided that suit thereon must be begun by a certain time fixed, and the original notice was delivered to the sheriff within the time, but was not served until after the date fixed, that the general rule of section 2599 was applicable, and that section 2532 "had reference merely to the rights of the parties under the statute of limitations." In effect this decides that section 2532 is intended to apply only to the limitations provided for in chapter 2, tit. 17, and not to the limitations upon the right to sue found elsewhere. It must be held, therefore, that to prevent the limitation found in section 902 in regard to actions based on tax titles from attaching, suit must be brought by service of the notice upon the defendant within the five years provided for in that section. As it appears from the averments of the bill that this suit was not thus commenced within eight years from the date of the sale for taxes alleged to have been made by the city treasurer, it follows that complainant cannot maintain the suit relying upon that deed as evidence of his right or title to the land.

Complainant, however, relies also as evidence of his title upon the deed executed by the county treasurer, which, as already stated, covers two different sales. The sale last in date was had November 5, 1877, for the taxes of 1876, and the property sold, according to the deed, was the undivided 14-15 of the south middle 31 2-12 feet of lot 94 in the city of Dubuque. This sale, and the deed so far as it is based thereon, must be held void for uncertainty and insufficiency of description. Section 821 of the Code requires land to be assessed by "a description sufficient to identify it," and the sale, notice, and deed must also properly describe the property. *Roberts* v. *Deeds*, 57 Iowa, 320, 10 N. W. Rep. 740. If the premises had been described as the "South middle fifth or fourth of lot 94," it could be ascertained what part of the lot was intended to be sold. But it cannot be determined from the description actually found in the deed what part of the lot was assessed and sold. The official map of the city shows that lot 94 contains 94 6-12 feet, and no more. Dividing this lot, as is frequently done in de-

scribing lots in Dubuque, into fifths, and we have the north, north middle, middle, south middle, and south fifths, and each of these portions would contain only 18 54-60 feet, whereas the deed calls for the south middle 31 2-12 feet. Should the division be made into four parts, which is the least number that would include the description of south middle, and still the several portions would only have a frontage of 23 30-48 feet. The description actually found in the deed could only be met by showing that lot No. 94 contained either a north, north middle, south middle, and south 31 2-12 feet, or 124 8-12 feet in all, or a north, north middle, middle, south middle, and south 31 2-12 feet, or 155 10-12 feet in all; but, as already stated, the lot contains only 94 6-12 feet, and it is therefore impossible to apply the description to any defined or ascertainable portion of the whole lot, and consequently the deed is void as to the sale of 1877. At the sale made December 6, 1875, the premises sold are described as the "undivided one-fifteenth of the north thirty feet of the south thirty-two 3-12 feet of lot ninety-four," etc. The south 32 3-12 feet of the lot can be ascertained and definitely located, and, this being done, the north 30 feet of such location can in turn be ascertained and located, and this description is therefore sufficient.

It is, however, urged by defendants' counsel that complainant cannot seek relief in this cause touching the undivided one-fifteenth of said 30 feet, because he could, under this sale, be held only to have acquired an undivided one-fifteenth interest, and that the title thereto cannot be quieted, for the reason that complainant cannot, as the owner of an undivided interest, turn out of possession the owners of the other undivided interests, but complainant must have recourse to a proceeding in partition. The mere fact, however, that the court would not award a writ of possession to the owner of the undivided interest, does not prevent the complainant from ascertaining and quieting his title to the undivided interest claimed by him in the present action. The defendants are denying his right and title to any and all parts and interests in the premises, and this question can be heard and adjudicated in the present suit without reference to the question of the mere right of possession. Partition proceedings are primarily intended to bring about a division among several owners. A person who claims to be the owner of an undivided interest, but whose claim is contested, may desire to have this question settled without forcing a division of the property, and this he may certainly do by a bill to quiet his right to the undivided interest. It is therefore open to the complainant to establish his interest in and title to an undivided one-fifteenth of the premises in question in the present suit. As evidence of his title to the undivided one-fifteenth, complainant relies on the deed of the county treasurer dated December 6, 1883, and recorded December 7th, the sale having been made December 5, 1875. As already stated, under the statute the purchaser has at the utmost eight years, or at the least seven years, nine months, and ninety days from the day of sale to perfect his evidence of title and bring suit for the recovery of the property. If the purchaser permits this time to elapse without perfecting his title and bringing suit, if the owner of the fee-title is in

possession, he has by his own laches and neglect defeated the right he would otherwise acquire under the tax sale. Section 897 of the Code provides that "the deed shall be signed by the treasurer in his official capacity, and acknowledged by him before some officer authorized to take acknowledgments of deeds; and, when substantially thus executed and recorded in the proper record of titles to real estate, shall vest in the purchaser all the right, title, interest, and estate of the former owner," etc. To vest the title in the tax purchaser the deed must be signed by the treasurer, be acknowledged by him, and be recorded in the proper record of titles. These are the essentials to give validity to the deed, and it is incumbent upon the purchaser to thus complete the evidence of his title within the eight years allowed him within which to bring suit for possession. Until the deed is signed, acknowledged, and recorded the title under the deed does not vest in the purchaser, and until it does so vest, he cannot maintain an action for possession. If the tax purchaser, through his own laches, permits the statutory limitation to expire without completing the requisite evidence of his purchase, and bringing the necessary suit for possession, he can derive no benefit from his purchase at the tax sale. In the present case the tax deed was not recorded until more than eight years after the date of the sale, even if it be admitted that it was signed within the requisite period, so that the evidence of title was not completed within the requisite time, and the deed did not vest the title in the purchaser within the time limited for the bringing suit against the fee-owner in actual possession.

As to the suit itself, it cannot be deemed to have been brought, so far as the title under the county treasurer's deed is at issue therein, until the supplemental petition setting up the execution and delivery of this deed was filed, which was in March, 1884, after the expiration of full eight years from the date of the sale. The suit as originally brought was not based upon this deed, nor upon the sale for county taxes, and until by the filing of the supplemental petition complainant counted thereon, it cannot by any possibility be held that there was an action pending thereon, within the meaning of section 902. The lapse of time must therefore be held to be a bar to complainant's suit upon the county treasurer's deed, so far as the same is based upon the sale of the undivided one-fifteenth, made December 6, 1875. If these views are correct, it follows that under the facts recited and set forth in complainant's bill, it appears that complainant cannot sustain his claim to be the owner of either the whole or any part of the premises in the bill described, and therefore, as the record stands, the defendants are entitled to have the bill dismissed, so far as the same seeks a decree quieting the title in complainant. The bill, however, prays that in case the question of title is adjudged adversely to complainant he may have a decree making the amount he has expended in the payment of taxes a lien upon the property, and the demurrer presents the question whether complainant shows himself entitled to relief in this particular. It will be remembered that the case is not one wherein the property owner appeals to a court of equity for relief against a tax sale. The defendants seek no affirmative aid from

the court, but simply deny complainant's claim, and pray to be dismissed. When the property owner appeals to a court of equity for aid in setting aside a tax sale or tax deed, it is then within the power of the court to require the complainant to do equity in the premises before granting him affirmative aid. When, however, the property owner does not appeal to equity, but stands upon his legal rights, then the party who seeks to compel him to pay the amount advanced for the taxes must maintain his claim upon his legal rights. In *Everett* v. *Beebe*, 37 Iowa, 452, it was held, construing section 784 of the Revision of 1860, which is re-enacted as section 897 of the Code, that the tax deed vests in the purchaser all the right, title, interest, and estate of the former owner in the land conveyed, and also all the right, title, interest, and claim of the state and county thereto, and this formed the basis of the right of the tax purchaser to recover the taxes paid by him in cases wherein the right to redeem was held to exist. In *Roberts* v. *Deeds*, 57 Iowa, 320, 10 N. W. Rep. 740, it was ruled that this principle could only be applied where there was a valid tax assessed, and that where the description in the deed and assessment was insufficient and void for uncertainty, then the sale transferred nothing to the purchaser, and that he could not recover the tax as the transferee of the state and county. Under the rule of this case the complainant herein cannot recover for the amounts paid on the defective sale of the 14-15 of the south middle 31 3-12 feet of lot 94, the description being void for uncertainty. The sale made December 6, 1875, of the undivided one-fifteenth, being a valid sale, would, if the purchaser had taken his deed and recorded the same within the proper time, have transferred to him the interest, right, and title of the owner, and of the state and county. Through his own laches the purchaser did not perfect the evidence of his title within the requisite time, so as to complete the transfer of the owner's title to himself, and the question arises whether the deed conveys the interest of the state and county. Assuming that it does, it is nevertheless true that complainant cannot, as against the defendant Nightingale, recover for taxes paid more than five years before the suit was brought. *Brown* v. *Painter*, 44 Iowa, 368; *Sexton* v. *Peck*, 48 Iowa, 250. Is complainant entitled to this relief against the defendant Stout? He was not the owner of the property when the taxes were assessed thereon, and he was not, either at law or in equity, under obligation to pay the same. The title of the property passed to him on the 15th of September, 1883, and to bind the property in his hands, assuming him to have been a purchaser for value, it must be shown that at that date the complainant had a lien on the land for the taxes paid by him. On the 15th of September, 1883, there was not pending any suit based upon the sales made by the county treasurer, and there was therefore no *lis pendens* affecting Stout, so far as the county and state taxes were concerned. If the taxes had not been paid by any one, the lien therefor in favor of the county and state would have followed the land, and bound the same when conveyed to Stout. Whether the failure of the complainant to perfect the evidence of his title by not procuring and recording his deed until after the expiration of the eight

years from the day of sale affects his rights as a transferee of the lien of the state and county cannot be determined upon the record as now presented. The rights of Stout in this particular, whatever they may be, are based upon the assumption that he is an actual owner by purchase of the premises, but the bill avers that the transfer to him is colorable only, and that he holds the title for his co-defendant, and the court cannot assume the contrary. This question of the actual ownership by Stout of the realty may have a bearing upon the right, if any, of complainant to recover for the city taxes alleged to have been paid by him, and the consideration thereof will not be entered upon at this time, the more especially that the court believes that the parties will now be enabled to reach an amicable adjustment on these questions touching the repayment of the sums paid by complainant for the real interest and benefit of the true owner of the property, whoever that may in fact be. Certainly it would seem that a fair compromise thereon would be to the best interests of all, rather than to incur the expense of prolonged litigation over the mere question of the amount to be repaid to complainant.