FEDERAL CATTLE LOAN SOCIETY, Petitioner, v. H. E. TAYLOR, Judge, Respondent.

**VENUE:** Affidavit—Jurisdiction to Order Oral Examination. A judge in vacation has no *jurisdiction* to order an affiant to a motion for a change of venue to appear and submit to oral examination, (1) unless the party adverse to the application for such order appears, or (2) unless such adverse party or his attorney of record is served with notice of the application for such order.

**CERTIORARI:** When Writ Lies—Election of Remedies. A litigant who files a *motion* to set aside an illegal order may not also maintain *certiorari* to set aside said order.

*Certiorari to H. E. Taylor, Judge.*

JUNE 25, 1921.

ACTION in certiorari, to review the action of the judge of the thirteenth judicial district, entered in vacation, requiring certain affiants to appear for examination before the district court of Winneshiek County, Iowa.—*Dismissed.*

*Stipp, Perry, Bannister & Starzinger* and *Willett & Nelson,* for petitioner.

*William S. Hart* and *W. M. Allen,* for respondent.

FAVILLE, J.—On the 14th day of October, 1920, one Harry Bullard brought an action at law in the district court of Winneshiek County, Iowa, against the Federal Cattle Loan Society.

1. VENUE: affidavit: jurisdiction to order oral examination.

At proper time, the said Federal Cattle Loan Society appeared before said court and filed a motion for a change of place of trial of said action to the district court of Polk County, Iowa, which motion was supported by the affidavits of four affiants. Thereafter, the plaintiff in said action, during the vacation of said district court of Winneshiek County, Iowa, filed an application for an order requiring the said four affiants to appear for cross-examination on their affidavits. No notice of said application was served upon the defendant in said action, nor upon said affiants; and on the 29th day of December, 1920, said application was presented to the respondent, Honorable H. E. Taylor, judge of the thirteenth judicial district, at chambers, and at said time and place, the respondent entered an order requiring the said four affiants to appear before the district court in and for Winneshiek County, Iowa, on the 31st day of January, A. D. 1921, at 2 o'clock P. M., to submit to cross-examination on the said affidavits. Notice of said order so made by the respondent, as judge, was served upon said affiants.

Thereafter, and before the date fixed for the appearance of said affiants for cross-examination, the Federal Cattle Loan Society, defendant in said original action, by its attorney, appeared before the respondent at Waukon, Allamakee County, Iowa, and presented a motion to set aside the said order pre-

viously entered, requiring said affiants to appear for cross-examination. At said time, the attorney for the Federal Cattle Loan Society also delivered to the attorney of record for the plaintiff in said original action a copy of the said motion to cancel said order. The return of the respondent in this proceeding recites that, at the time the said motion to cancel and set aside said order was presented to him, he was holding a regular term of the district court of Allamakee County, Iowa, and was presiding in the trial of a jury case, and had other work assigned that would require his entire time until the evening of January 29, 1921; that the district court of Winneshiek County, Iowa, was scheduled to open on Monday, January 31, 1921. Respondent states that he informed the attorney for the said Federal Cattle Loan Society that it was impossible to give the matter attention at that time, because of being engaged in the trial of said case at Allamakee County; and that he would take up the motion to vacate and set aside said order requiring affiants to appear, upon the opening of court at Decorah, in Winneshiek County, on the said 31st day of January; and that the affiants need not appear until after February 1, 1921, and after the respondent had had opportunity to take up said motion, on January 31, 1921.

On the 27th day of January, 1921, the petition in this cause was presented to one of the justices of this court, and an order was entered providing that a writ of certiorari should issue, and that proceedings in the district court of Winneshiek County, Iowa, be stayed, upon the filing of bond, as required by said order.

The question involved in this case is whether the respondent, as judge of the district court of Winneshiek County, Iowa, in vacation, acted illegally and exceeded his jurisdiction, in entering the said order requiring the said affiants to appear for cross-examination without serving notice thereof on the plaintiff in said action or on said affiants, or without appearance on the part of the plaintiff or affiants. It is the contention of the plaintiff herein that the order requiring the affiants to appear for cross-examination was invalid and void, because notice of the application for such order was not served upon the defendant in said original action. Section 3831 of the Code provides:

"A motion is a written application for an order, addressed to the court or to a judge in vacation, by any party to an action, or by anyone interested therein."

Section 3834 of the Code provides:

"All motions filed in vacation shall be entered on such docket and served as herein required."  .

Code Section 3837 provides:

"The service shall be on each of the parties adverse to the motion, if more than one, or on an attorney of record of such party."

Under these sections of the statute, the written application for an order requiring the affiants to appear for cross-examination was addressed to the respondent, as a judge in vacation. It was, therefore, a motion, within the language of Section 3831. This motion, under Section 3834, being filed in vacation, was required to be served, as required by the statute, on each of the parties adverse to the motion, or on an attorney of record of such party.

Section 3833, Code, 1897, also provides that:

"Testimony to sustain or resist a motion may be in the form of affidavits, or in such other form as the parties may agree on or the court or judge direct. If by affidavit, the person making the same may be required by the court or judge to appear and submit to a cross-examination."

Such motion may be addressed "to a judge in vacation," and the judge in vacation has the power to enter an order requiring an affiant to appear and submit to a cross-examination; but before such order can legally be entered by a judge in vacation on such a motion, service of the same must be had on the party adverse to the motion, or on an attorney of record of such party.

It therefore follows that, under these provisions of the statute, the granting by the respondent of the order citing the affiants to appear for cross-examination having been made in vacation, on a motion or written application therefor, and notice of the same not having been served on the adverse party or his attorney, it was without jurisdiction, and the respondent, in entering such order under said conditions, was without authority so to do. As tending to support this conclusion, see

*Callanan v. Lewis,* 79 Iowa 452, and *Hamman v. Van Wagenen,* 94 Iowa 399.

When the application for a change of venue, with the affidavits attached, was filed in the district court of Winneshiek County, the court, on its own motion, could have ordered the affiants to appear for cross-examination. Code Sections 3833 and 4678. But that is not the situation here. The order for the examination of the affiants was made by the judge in vacation, and on the written application of the plaintiff in the cause.

After the order had been entered, requiring the affiants to appear for cross-examination, the defendant in said action appeared before the respondent and filed an application to vacate the same, and the respondent fixed a time for the hearing on said application to vacate. Without waiting for the hearing on its application to vacate the said order, the defendant in said action presented its petition in this court in certiorari, to review the action of the respondent in issuing the original order for the examination of the witnesses. By so proceeding, we think that the plaintiff herein waived its right to be heard in this proceeding in certiorari. It cannot pursue both remedies at the same time. It cannot maintain an action of certiorari in this court to review the order of the respondent as being illegal, and at the same time pursue its application before respondent to vacate and set aside the order claimed to have been erroneously issued. This is especially so when the grounds urged for the vacation of said order go to the merits thereof, as in the instant case. We think the plaintiff herein, having elected to appear before the judge granting the order complained of, and having asked to have the same dismissed upon its merits, which application was pending at the time these proceedings were instituted, has thereby waived its right to seek, by certiorari proceedings, to have the said action of the judge declared illegal, and to have the same annulled. As bearing on this question, see *Billings v. Kothe,* 49 Iowa 34.

2. CERTIORARI: when writ lies: election of remedies.

It therefore follows that the proceedings in this court in certiorari must be, and the same are, ordered—*Dismissed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.