## POINDEXTER v. DOOLITTLE.

1. **Tax Sale**: DESCRIPTION IN NOTICE AND DEED. Where a purchaser at a tax sale offered to pay the taxes upon a forty acre tract of land for "fourteen acres" of the land, and the language of the bid was followed in the notice of the expiration of the time for redemption and in the deed, it was held that both notice and deed were void for uncertainty in the description.

2. ————: TENDER: COSTS. The owner of the land, having made no tender of the amount required to redeem from the sale, would be chargeable with the costs of an action to set aside the deed, although he offered to redeem, and the offer was refused by the auditor.

*Appeal from Howard District Court.*

TUESDAY, JUNE 15.

ACTION to set aside three tax deeds. The first deed recites that the northeast quarter of the southeast quarter of section 5, township 99, range 14, was exposed to public sale for taxes for the year 1872, and M. B. Doolittle having offered to pay the taxes for fourteen acres of the land, the same was struck off to him, and that three years having elapsed from the date of sale the treasurer conveyed the said premises to said Doolittle. The other two deeds were similar, except that in one the land exposed to sale was the northwest quarter of the southeast quarter, and the other the southwest quarter of he southeast quarter of the same section. There was a decree for the plaintiff. The defendant appeals.

*L. Bullis* and *Barker Bros.*, for appellant.

*H. A. Goodrich* and *D. W. Poindexter*, for appellee.

ADAMS, CH. J.—The words, *fourteen acres*, describe no land, nor is the description helped by the limitation of the fourteen acres to a certain larger tract. It is still fatally defective. This, of course, the appellant would not deny if the words are to be considered solely by themselves. But he insists that under the statute

the words may be given a definite meaning. He insists that under the statute fourteen acres of a given forty acre tract means an undivided fourteen-fortieths of the tract. The statute relied upon is section 876 of the Code. That section provides that where a person offers to pay the taxes upon a tract for less than the whole, and designates the portion for which he will pay the taxes, the portion thus designated shall in all cases be considered an undivided portion. The appellant claims that in this case the portion designated was fourteen acres, and as the whole tract was forty acres, the portion sold must, under the statute, be considered an undivided fourteen-fortieths of the forty acre tract.

If we should concede that the bid under the statute was not void for uncertainty, it would not follow that the deed would not be. The description in the deed designed to constitute the foundation of a title for all time, should be sufficient by its own terms.

We think that the same may be said of the notice of the expiration of redemption. By section 894 of the Code the notice must contain a *description* of the land sold. If the bid is made in language so indefinite as to mean nothing, and can only be made to mean something by being translated under the statute into language essentially different, we think that the translation should be made not only before the description passes into the deed, but before it passes into the notice of expiration of redemption. Otherwise it appears to us that it cannot be said that the notice contains a *description* of the land in any proper sense. The notices in this case contained the same defective descriptions as the deeds. We think, therefore, that both the deeds and notices are void, and that the plaintiff is still entitled to redeem.

A question is raised as to whether plaintiff should pay the costs of this action. The defendant insists that he should, 2. ——: tender: costs. because plaintiff never made any tender to defendant. The evidence merely shows that plaintiff, by his agent, went to the county auditor and offered to

redeem, but was denied the right because a deed had been already executed. Under the rule in *Corning Town Co. v. Davis*, 44 Iowa, 622, it appears to us that the defendant's position is well taken.

MODIFIED AND AFFIRMED.