## COLLINS V. STORM.

1. **Tax Sale and Deed:** NEWLY ORGANIZED COUNTY : TAXES LEVIED AND DELINQUENT BEFORE ORGANIZATION. Taxes on land now in O'Brien county were levied by Woodbury county and had become delinquent while O'Brien county was yet attached to Woodbury county for revenue purposes. *Held* that a sale of the land for those taxes by O'Brien county, after its organization, was without authority and void. (*Hilliard v. Griffin*, 72 Iowa, 331, *followed*).

2. ———— : FATALLY DEFECTIVE DESCRIPTION. A tax deed describing the land conveyed as "the west fract. ½ quarter of the N. W. quarter of section 7, in township 96 north, of range 41 west," is too indefinite to convey any part of the west half of said northwest quarter section ; and in an action against the holder of such deed to quiet the title without asking for a reformation of the deed, the word "quarter," when it first occurs, cannot be treated as surplusage.

3. ———— : VOID SALE : ACTION TO QUIET TITLE : DECREE AS TO TAXES PAID AND IMPROVEMENTS. In an action to quiet the title of land against the holder of a void tax deed, where the plaintiff offers to pay defendant the taxes paid by him on the land, with six per cent. interest, a decree for plaintiff should be accompanied with an order for such payment, but, since such action is not to redeem from a valid sale, but to quiet title, the question as to compensation for improvements must be adjudicated in a subsequent action under the statute as to occupying claimants. The case is not governed by section 893 of the Code.

*Appeal from O'Brien District Court.*—Hon. Scott M. Ladd, Judge.

Filed, September 6, 1888.

Plaintiff brought an action to quiet in him the title to a tract of land. Defendant pleaded that he owned the land, and in a cross-petition prayed that his title be quieted against the claim of plaintiff. The district court dismissed the petition, and entered judgment granting defendant the relief demanded in the cross-petition. Plaintiff appeals.

*H. E. Long*, for appellant.

*J. A. Stocum*, for appellee.

REED, J.—The land in controversy is the west half of the northwest quarter of section 7, in township 96 north, range 41 west. Plaintiff claims under a patent from the government of the United States. Defendant claims under two tax deeds by the treasurer of O'Brien county, the first of which was executed to Charles C. Orr, June 28, 1866, under an alleged sale in 1860 for the taxes of 1858 and 1859. The other was executed to T. J. Stone on the twenty-eighth of December, 1870, under an alleged sale in 1867 for the taxes of 1866.

I. The facts with reference to the sale under which the first deed was executed are like those in *Hilliard v. Griffin*, 72 Iowa, 331. When the taxes accrued, the territory of O'Brien county was attached to Woodbury county for revenue and other purposes. The treasurer of O'Brien county, therefore, had no authority, after the organization of that county, to collect the taxes, and there was an absolute want of power to make the sale. The attempted sale was therefore an absolute nullity, and no right could accrue under the deed executed in pursuance of it.

1. TAX sale and deed : newly organized county : taxes levied and delinquent before organization.

II. The description contained in the deed of 1870 is as follows, viz. : "The west fract. 1-2 quarter of the N. W. quarter of section 7, in township 96 north, of range 41 west." This description is as uncertain and indefinite as it possibly could be made. It does not describe the land in question, nor can it be said that it includes any particular part of it. The west one-half quarter of the quarter section might be regarded as a good description of the west one-eighth of it, and might be held to include and cover the west one-fourth of the tract in question. But the description is the west fractional one-half quarter, and the extent of the fraction is not stated. It is impossible to determine, therefore, whether it was

2. ——: fatally defective description.

intended to cover a fraction of one acre, or nineteen acres and a fraction. It is clear only that something less than twenty acres was intended, but how much less is entirely uncertain. It was contended, however, that the word "quarter" occurring first in the description should be treated as surplusage, and rejected. But we cannot do that in this action. The action is not for the reformation of the deed, but for the quieting of title under it; the question being whether, under the deed as it appears, the title of the former owner of the property has been defeated or extinguished. We think it entirely clear that defendant is not entitled to the relief granted him by the judgment. The judgment will, therefore, be reversed, and judgment will be entered,

3. ——: void sale : action to quiet title : decree as to taxes paid and improvements.

either here or in the district court, dismissing the cross-petition, and quieting the title in plaintiff upon the payment by him of the taxes on the property paid by defendant, with six per cent. interest, he having made an offer in his reply to pay the same. Defendant is in possession and has made improvements on the land. But as the action is not to redeem from a valid sale, but to quiet title, the questions as to the improvements must be adjudicated in a subsequent action. The case in that regard is not governed by section 893 of the Code, but falls within the general statute as to occupying claimants. Ch. 7, tit. 13.                              REVERSED.