Griffith v. Utley.

GRIFFITH v. UTLEY *et al.*

1. **Tax Sale and Deed:** VOID FOR UNCERTAINTY OF DESCRIPTION. The land described in a notice to redeem from a tax sale, and in the tax deed founded thereon, was described as " the undivided thirty-nine and one-half acres of the north-east quarter of the north-east quarter " of a certain section. *Held* that the notice and deed were both void for uncertainty as to the description, and did not cut off the right to redeem.

2. ————: REDEMPTION : MORTGAGOR AND MORTGAGEE. The mortgagor and mortgagee each has the right to redeem the mortgaged land from tax sale, and the purchaser has no such interest as to authorize him to object to a redemption by either.

*Appeal from . Franklin District Court.*—HON. S. M. WEAVER, Judge.

FILED, DECEMBER 21, 1888.

ACTION to quiet the title of plaintiff in certain land, based upon a tax sale and deed. Defendants denied the validity of plaintiff's title, and, in a cross-petition, asked to be allowed to redeem from the tax sale and

deed. Upon a trial on the merits, plaintiff's petition was dismissed and defendants were permitted to redeem as prayed for in the cross-bill.

*Nagle & Birdsall*, for appellant.

*M. J. Furry* and *Taylor & Evans*, for appellees.

BECK, J.—I. The petition alleges that plaintiff holds a tax title to a tract of land therein described, to which defendants set up some claim of title. He prays that his title may be quieted in him. The defendants L. A. & F. C. Cromwell, answering plaintiff's petition, allege that the tax deed was executed without authority, and that the right exists in defendants to redeem from the tax sale. It is further alleged that the land was taxed to one of the defendants, and that they have been in the possession of the lands for many years, and no notice of the expiration of the time for redemption has been served on them, or either of them. And it is alleged that defendants have offered to redeem from the taxes, which offer was refused. It is also alleged as a ground of invalidity of the tax title that the sale upon which it was based was made for taxes of previous years, which were not carried forward and put upon the list of unpaid taxes for which the sale was had. The defendant Utley, in a separate answer, alleges substantially the same defenses pleaded by the other defendants, all of whom, in their respective answers, which are made cross-bills, pray that they be allowed to redeem. Utley alleges that the other defendants executed to him a mortgage on the land to secure the purchase money for the land, or a part thereof; the land having been purchased of him by his co-defendants. He prays that he may be permitted to make redemption from the taxes; that a judgment be entered against his co-defendants for the amount due him, to which may be added the amount he may be required to pay for the redemption of the land from the taxes. The court, by the final decree, granted the relief prayed by defendants in their respective cross-bills. The tax

deed, notice of expiration of the time of redemption, and all other proceedings pertaining to the title found in the record which describe the land in question, do so in this language: "The undivided thirty-nine and one-half acres of the north-east quarter of the north-east quarter of section number 33, township 90, range 22," etc.

II. This description is not sufficient to identify the land intended to be sold and conveyed for taxes.

<span style="margin">1. Tax sale and deed: void for uncertainty of description.</span> The fact that thirty-nine and one-half acres is so large a part of the "forty" gives to the objection, upon the first blush, the appearance of technicality. But suppose the description had been one-half an acre, one acre, or fourteen acres of the specified "forty." No one would see any ground for charging that the objection based upon the uncertainty of such description is technical. But the description, "39½ acres" of the specified "forty," is no more definite and certain than those just supposed. In truth, the land intended to be covered by the description is not shown thereby. It cannot aid one who seeks to discover the land, to establish its boundaries and corners, for an indefinite number of tracts within the "forty" are covered by the same description. The tax deed and other proceedings are void for uncertainty. *Roberts v. Deeds*, 57 Iowa, 320; *Poindexter v. Doolittle*, 54 Iowa, 52. Other grounds of invalidity need not be considered. It follows that, as the tax deed is void, defendants have the right to redeem, even should it be found that the taxes were legally levied, and the sale was regular. Their right to redeem is not affected by the notice of the expiration of the time for redemption, for the description therein is the same as in the deed, and the notice is therefore of no effect.

III. The defendants, as mortgagees and mortgagors of the land, ask that they may be permitted to redeem

<span style="margin">2. ——: redemption: mortgagor and mortgagee.</span> from the taxes. Surely the mortgagors, as claimants and owners of land, have such right, and the mortgagee surely has that

right to protect his lien.　At all events, plaintiff cannot object to the redemption by them; for he has no right other than to receive the amount required to be paid to redeem the land.　The evidence shows that the mortgagors had title,—color of title at least,—and were in possession of the land when the suit was commenced, and the land had been taxed to one of them.　It cannot be doubted that they have the right to redeem.　And the other defendant, the mortgagee, has undoubtedly a right to redeem the land in order to protect his mortgage lien.　It is our opinion that the decree of the district court ought to be

AFFIRMED.