81   56
83  246

E. S. ELLSWORTH, Appellee, v. L. B. NELSON *et al.*, Appellants, and N. KESSEY, Intervenor, Appellee.

1. **Tax Title :** DEED : DESCRIPTION.  A tax deed describing the property conveyed as the "undivided twenty acres, the southeast quarter of the southwest quarter of section ten," etc., is void for uncertainty.

2. ———: VALIDITY : ORGANIZATION OF COUNTY : JUDICIAL NOTICE. A tax deed issued by a county in pursuance of a sale of land for taxes due another county is void; and courts will take judicial notice of the time of the organization of such counties with respect to such sale.

*Appeal from Sioux District Court.*—HON. H. C. LEWIS, Judge.

SATURDAY, OCTOBER 11, 1890.

ACTION to quiet title in certain real estate. The plaintiff claims title to the undivided half of the south half of the southwest quarter of section ten, township ninety-six, range forty-six, Sioux county, by virtue of a tax deed executed to him by the treasurer of said county on the second day of January, 1883, upon sale of said land for delinquent taxes, made December 1, 1879, which deed was duly acknowledged January 6, 1883, and filed for record on the same day. Intervenor Kessey claims title to the south half of said southwest quarter, under a deed executed by said treasurer to William Frame, December 14, 1865, filed for record January 3, 1866, upon a sale made November 14, 1860, for the delinquent taxes of 1858 and 1859. The defendant Bell claims title to an undivided half of said south half of said southwest quarter, under a treasurer's deed executed October 10, 1871, on a sale to William Gurley, made August 3, 1868, for the taxes of 1866. Appellant Nelson claims to hold and own the patent title to the south half of said southwest quarter, as grantee of

appellant Miller. Decree was entered in favor of the plaintiff Ellsworth, as to the undivided half of the south half of said southwest quarter, and quieting his title as against the defendants Bell, Nelson and Miller. Decree was also entered in favor of intervenor Kessey, against said Nelson, Bell and Miller as to the southeast quarter of said southwest quarter. Defendants Nelson and Miller appealed.

*G. R. Struble*, for appellants.

*Burk & Hewitt*, for appellee Ellsworth.

*Pitts & Kessey*, for appellee Kessey.

GIVEN, J.—I. We first inquire as to the objections urged against the plaintiff's tax title. Among other objections urged by intervenor Kessey is

1. TAX title: deed: description. that the deed is void for uncertainty of description as to the land sold. The deed is for the "undivided twenty acres, the southeast quarter of the southwest quarter of section ten," etc., and the "undivided twenty acres, the southwest quarter of the southwest quarter of section ten," etc., from which we understand it was intended to convey an undivided twenty acres of said southeast quarter of the southwest quarter. In *Poindexter v. Doolittle*, 54 Iowa, 52, the deed recites that the northeast quarter of the southeast quarter of section five, township ninety-nine, range fourteen, was exposed to public sale for taxes for the year 1872; and, N. B. Doolittle having offered to pay the taxes for fourteen acres of the land, the same was struck off to him. This deed was held void for uncertainty in description. In *Griffith v. Utley*, 76 Iowa, 292, the description was: "The undivided thirty-nine and one-half acres of the northeast quarter," etc. It was held that "this description is not sufficient to identify the land intended to be sold and conveyed for taxes," and that the tax deed and other proceedings were void for uncertainty. See *Roberts v. Deeds*, 57

Iowa, 320. Following these cases, we hold that the tax deed to plaintiff is void for uncertainty in the description of the lands intended to be conveyed. We need not notice the other objections urged against this deed.

II.   We next inquire as to the tax deed to William Frame under which intervenor Kessey claims title.

2. ——: validity: organization of county: judicial notice.

The sale upon which this deed is based was made on November 14, 1860, by the treasurer of Sioux county, for the delinquent taxes for the years 1858 and 1859. Appellants question the validity of this deed, upon the grounds, among others, that the taxes of 1858 and 1859 were not due to Sioux county, but to Woodbury county. In *Hilliard v. Griffin,* 72 Iowa, 331, it was held that taxes assessed and levied against land in O'Brien county while that county was attached to Woodbury county, for revenue and other purposes, belonged to Woodbury county, and that O'Brien county had no authority to sell and convey the same for such taxes. Question is made whether courts may take judicial notice of the organization of counties within the state, and the time of their organization. There is no testimony whatever in this case as to the organization of Sioux county ; nor is it claimed that the testimony on that subject in the case of *Pitts v. Lewis, ante,* p. 51, is to be considered in this case. We held in that case that courts will take judicial notice of the organization of counties, and that Sioux county was organized in February, 1860. It follows from that conclusion, and the rule laid down in *Hilliard v. Griffin, supra,* that the taxes for 1858 and 1859, for which the land was sold to William Frame, belonged to Woodbury county, and not to Sioux county ; and, consequently, the sale was void, and intervenor Kessey has no title under the deed issued thereon.

III.   The decree of the district court being against the defendant Bell, and he not having joined in the appeal, it is unnecessary that we consider the question

raised as to the validity of the tax deed, under which he claims title.

Our conclusions are that the petitions of plaintiff and of the intervenor Kessey should be dismissed; that judgment be entered against them for costs; and that the title be quieted in the defendant, L. B. Nelson, as against all the parties to the action. REVERSED.