J. F. SMITH, 'Appellee, v. W. P. BLACKISTON *et al.*,
Appellants.

1. **Tax Deed:** DESCRIPTION OF PROPERTY. Where real estate sold at tax sale was described in the tax certificate, notice and deed, as the "undivided eighteen acres" of a section named, *held*, that the description was too indefinite, and rendered the sale void for uncertainty.

2. ———: VOID SALE : RECOVERY OF TAXES PAID BY PURCHASER. A purchaser at tax sale under a description so indefinite as to be void for uncertainty acquires no interest in the land which is the subject of his purchase, and hence no lien for the taxes paid, and is not entitled to recover the same of the owner in an action to quiet the title to the property as against such tax sale.

*Appeal from Guthrie District Court.*—HON. J. H.
HENDERSON, Judge.

SATURDAY, FEBRUARY 7, 1891.

ACTION in equity to quiet the title to the northwest quarter of section 33, township 81, range 32, west, fifth principal meridian, Guthrie county, Iowa. There was an answer claiming an undivided interest therein under a tax sale and certificate. A decree was entered for the plaintiff, from which the defendants appeal.—*Affirmed.*

*E. W. Weeks*, for appellants.

*Chas. S. Fogg*, for appellee.

GIVEN, J.—The plaintiff became the owner of the land described April 11, 1882, and has been in possession thereof by his tenant, W. C. Palmer, since March 17, 1887. On March 17, 1886, he filed written notice with the treasurer of Guthrie county, appointing Charles S. Fogg, of Stuart, Guthrie county, Iowa, as agent, upon whom service of notice of expiration of the right of redemption from tax sale of the land in controversy was to be made. The taxes for the year 1881 were unpaid and delinquent, and the land was duly advertised and offered for sale on October 2, 1882. The certificate under which the defendant claims recites that "the whole of the following described parcel of real property, situated in the county and state aforesaid, was sold to J. M. Brown for taxes for the year 1881, which was the least quantity bid for, and the full payment has been made therefor for the following taxes, interest and costs due and remaining unpaid upon each parcel of land as herein set forth." Following this, in the proper columns, said quarter section is described, and under the head "number of acres sold" are the figures "18." This certificate was to J. M. Brown, who thereafter assigned the same to the defendant Blackiston. On March 11, 1883, defendant Blackiston paid the taxes on eighteen-one-hundred-and-sixtieths of said quarter section. The defendant Blackiston caused notice of the expiration of the right of redemption from said sale to

be served on W. Palmer, "he being the party in occupation of the within-described premises," on June 25, 1888, and on E. R. Sales, in whose name the land was assessed, on June 29, 1888. This notice described the lands as follows: "The northwest quarter (N. W. 1-4) of section thirty-three (33), township eighty-one (81) north, range thirty-two (32), west of the fifth principal meridian, Iowa, was sold for the undivided eighteen (18) acres thereof." August 13, 1888, the plaintiff filed his petition herein, and on November 16, 1888, the treasurer of Guthrie county executed and delivered to the defendant a tax deed based upon said sale and certificate. The deed recites that J. M. Brown, "having offered to pay the sum of twenty-four dollars and eighty cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on the northwest quarter (1-4), of section 33, in township 81, north, of range 32, west, fifth principal meridian, Iowa, for the undivided eighteen acres of said tract, which was the least quantity bid for, and payment of the said sum of money having been by him made to the said treasurer, the said piece of property was stricken off to him at the respective price aforesaid."

      I.   The first contention to be noticed is whether the description of the lands sold to the defendant's assignor is sufficiently definite. It is conceded that the proceedings were regular up to the sale.

1. TAX deed: description of property.

By the certificate we see that the sale was of eighteen acres, or, as expressed in the notice to redeem and in the deed, was "for the undivided eighteen acres." In *Poindexter v. Doolittle*, 54 Iowa, 52, the description was "fourteen acres" of a tract described. This description was held to be void for uncertainty. In *Griffith v. Utley*, 76 Iowa, 292, the sale was of "the undivided thirty-nine and one-half acres" of a certain forty described. This was held to be void. The description, as given in the certificate, notice and deed, is no more definite or certain than those in the cases just cited, and they are, therefore, held to be void for uncertainty.

II.   The appellants contend that, as the proceedings were regular up to the sale, and a sale made, and there was no redemption therefrom, he is entitled to recover the taxes paid under the sale. Their right to recover is denied, and therein this case differs from *Poindexter v. Doolittle, supra,* and *Griffith v. Utley, supra,* wherein the parties claiming adverse to the tax title offered to redeem.   The appellants are not entitled to recover by virtue of any lien against the land, for, as we have seen, their offer was so indefinite as that by it they purchased nothing, and, hence, have nothing upon which a lien can attach.   The sale being void, they acquired no interest in the land by their purchase.   The appellee never was personally liable for the taxes paid, as he did not acquire the land until after that tax was due ; and it follows that the appellants are not entitled to recover the amount paid from appellee.   As these conclusions fully dispose of the case, we need not notice other questions discussed.

The decree of the district court is AFFIRMED.