JOSEPH SOUKUP, Appellee, v. UNION INVESTMENT COMPANY *et al.*, Appellants.

1. **Appeal**: PARTIES. In an action against a county treasurer and the holder of a tax certificate to enjoin the issuance of a tax deed, the treasurer is not a necessary party to an appeal from a decision granting the injunction, where he is in no wise concerned in the issues joined.

2. **Tax Titles**: DEED: DESCRIPTION. The description, "West part, northeast quarter, northwest quarter, twenty acres" is sufficiently definite to render the lands conveyed capable of identification.

3. ——: ——: NOTICE: SUFFICIENCY OF SERVICE. A tax deed being *prima facie* evidence of the regularity of all proceedings prior to its execution, it will be presumed, in the absence of a showing to the contrary, that notice of the expiration of the time for redemption was served upon the person in whose name the land was taxed.

4. ——: TAX CERTIFICATE: RIGHTS OF ASSIGNEE. The assignment of a tax certificate upon which is indorsed an agreement by the assignor not to sell or transfer the same, nor procure a treasurer's deed to the premises described therein, and stating that he had sold said premises to one S. free from all incumbrances whatsoever, will not entitle the assignee to a deed thereunder.

5. Deed: RECITALS: CONSTRUCTION. The description of a grantor in a deed as "formerly widow and sole heir" of one B., deceased, will not warrant the inference that the grantor was such widow and sole heir in an action where the title of the grantee is in dispute.

6. Judicial Sales: DEED: VALIDITY. A sheriff's deed to lands based upon a sale under execution upon a judgment, previously satisfied on a former execution but never returned, confers no title as against a prior purchaser from the judgment debtor, and who was in possession of the premises at the time of such sale.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, JANUARY 30, 1892.

THE plaintiff, claiming to own the southwest quarter of the northeast quarter of the northwest quarter of section 36, township 83 N., of range 7 W., fifth P. M., Linn county, Iowa, by warranty deed from John M. Curless, brought this action to enjoin the defendant Barnhill, as treasurer of Linn county, from issuing, and the defendant company from receiving, a tax deed upon a certain tax certificate to William Stewart on a sale for the taxes of 1878. The defendants answered, denying that the plaintiff owned the ten acres described, and claiming that the defendant company had a right to a tax title therefor under said certificate. Afterwards the Union Investment Company, by leave of court, answered, alleging that it was the absolute owner of the ten acres, and, by way of a cross-bill, alleged that

it is the absolute owner, and entitled to the immediate possession of the west half of said northeast quarter of the northwest quarter of section 36, and asking that its title be established as against the plaintiff, and for "such other and further relief as in equity it may be entitled." The plaintiff, in reply, denied the existence of certain deeds as shown in the defendant's abstract of title, denying the defendant's ownership, and alleging that he was the absolute owner of said west half of the northeast quarter of the northwest quarter of section 36; that he had been in sole possession thereof for eight years; and prayed that his title be established as against the defendants. The decree was entered for the plaintiff against both the defendants, granting the relief prayed for in the petition, and against the defendant company, establishing the plaintiff's title to the twenty acres. The defendant Union Investment Company appeals.—*Affirmed.*

*Geo. W. Wilson,* for appellants.

*Hormel & Harrison,* for appellee.

GIVEN, J.—I. The appellee contends that, as the defendant Barnhill, treasurer, does not join in the appeal, and was not served with notice thereof, the appellant cannot prosecute this appeal. Mr. Barnhill, though a proper, was not a necessary, party to the action as presented in the petition. All that was asked as to him was that he be enjoined, as treasurer, from issuing a tax deed to his co-defendant on a certain certificate named. The plaintiff's relief would have been complete by an injunction restraining the defendant company from receiving such a deed. The treasurer is in nowise concerned in, or even a proper party to, the issues joined in the cross-bill and reply, as in those issues neither party is claiming anything under the certificate

1. APPEAL: parties.

to Mr. Stewart. In *Moore v. Held*, 73 Iowa, 538, it is held that a failure to serve notice upon co-parties is not jurisdictional, but the court can consider such questions in the case as affecting only the rights and interests of the appellant and the adverse party. See also *Nesselrode v. Parish*, 59 Iowa, 570. It does not appear that Mr. Barnhill, treasurer, has any rights or interest in conflict with the claims of either of the other parties to the case. The appellant has the right, under this appeal, to have the questions in the case, as between it and the appellee, considered.

II. It will be noticed that in his petition the plaintiff only claimed title to the southwest quarter of the northeast quarter of the northwest quarter of section 36, being ten acres; but by the cross-bill of the defendant company and the plaintiff's reply thereto it appears that each is claiming title to the west half of said northeast quarter of the northwest quarter of section 36. The plaintiff's title is founded upon two tax deeds,—one issued October 15, 1868, to R. P. Kingman, on a sale for the taxes of 1864; and the other issued September 10, 1880, to James C. Young, on a sale for the taxes of 1872. James C. Young, through several intermediate grantors, by quitclaim acquired the title of Kingman, and thereafter, on January 17, 1881, conveyed by quitclaim to John M. Curless, who conveyed by warranty deed, dated December 27, 1881, to the plaintiff, who went into possession, and has been in possession ever since. The questions made as to the plaintiff's title relate entirely to the two tax deeds.

2. TAX titles: deed: description.

The questions made as to the tax deed to Kingman on sale for the taxes of 1864 are that the north ten of the twenty acres described therein were taxed to one N. B. Brown for that year, and that Brown paid said taxes. It is also contended that the description of the land in the deed to Kingman is too indefinite. The appellant's abstract shows that the treasurer testified

that Brown paid the tax of 1864, but it is denied in the appellee's additional abstract that he so testified; and, nothing further appearing, we must act upon the denial, and hold that the defendant failed to prove payment by Brown.

The description in the deed to Kingman is, "West part, northeast quarter, northwest quarter, twenty acres," of said section 36. We think the description sufficiently definite to identify the lands conveyed. If it were, "West half, northeast quarter, northwest quarter," of said section, its sufficiency would not be questioned; but it is "West part, northeast quarter, northwest quarter, twenty acres." The words "twenty acres," added as they are, render the description sufficiently definite. "That is certain which may be rendered certain." This description covers the west twenty acres of the forty described, and its identity may be ascertained by measurement. It will be found upon examination that the description is noticeably different from any of those held to be insufficient. In *Roberts v. Deeds*, 57 Iowa, 320, cited, the description, "Northwest part of northeast section 31, township 74, range 8 west, containing three acres," was held not to describe the lands owned in that section by Deeds, as what he did own lay only along part of the west line of said tract. It is there said: "The decisive question in this case is this: Is the description used in the tax books and deed sufficient to identify the land owned by Deeds?" It was held that it did not, because of the peculiar form of the lands so owned, as stated in the opinion. In *Collins v. Storm*, 75 Iowa, 36, also cited by the appellant, the description was, "the west fractional half quarter of the northwest quarter of section 7," etc. This was held not to describe the land in question or any particular part of it. It will be seen, on comparing these descriptions with the one in question, that they lack the certainty that the words here used express.

III. The only question presented as to the tax deed to James C. Young is that the notice of expiration of

**3. ——: ——: notice: sufficiency of service.** time for redemption was not served upon the person in whose name the land was taxed. It appears that a notice was served on John M. Curless by James C. Young on or prior to May 19, 1879. The precise date is not shown in the return, but it must have been on or before the nineteenth, as upon that day Mr. Young verified the return, and the notice was filed on the twentieth. There is no evidence as to whom the land was taxed in 1879, but the appellee contends that we must presume that it was taxed to the same person to whom it was taxed in 1878, and that, as this was not John M. Curless, the service of the notice on him did not confer the right to execute the deed. The deed being *prima facie* evidence of the regularity of all proceedings prior to its execution, it must be presumed, in the absence of a showing to the contrary, that the notice was served upon the person in whose name the land was taxed. There being no showing to rebut this presumption, we must hold that the notice was properly served upon John M. Curless.

IV. It was upon the strength of this title that the appellee asked in his original petition that the defend-

**4. ——: tax certificate: rights of assignee.** ants be enjoined from executing and receiving a tax deed on the certficate to William Stewart. Stewart assigned this certificate to the plaintiff's grantor Curless, and upon it was indorsed the agreement of Curless not to sell or transfer the same, "nor procure the treasurer's deed for said premises. I have sold and conveyed to Joseph Soukup, by warranty deed, free from all incumbrances whatever." The appellant took this certificate with that indorsement thereon, and is not entitled to a deed under it. Therefore, unless the appellant's title is superior to that of the appellee, the appellee is entitled to an injunction as prayed in the original petition.

V. We next inquire as to the appellant's title.
Jason C. Bartholomew, holding under patent from the
United States, conveyed the north half of
5. DEED: reci-    the west half of the northeast quarter of
tals: construc-
tion.    the northwest quarter of said section 36,
which tract passed by successive conveyances to one
J. H. Lansley, who conveyed to appellant. Prior
to his conveyance to the appellant, Lansley received a
quitclaim deed from Susan Olney for the entire forty,
in which the grantor is named as "Susan Olney,
formerly widow and sole heir of Jason C. Bartholomew,
deceased." That she was such widow or heir cannot
be inferred from the recitations in the deed; therefore,
we cannot say from the deed alone that the appellant
acquired any title thereunder to the land in question.

VI. A sheriff's deed, dated January 20, 1888,
covering this land, was made to J. L. Wilson, who
6. JUDICIAL sales:    conveyed to Lansley before Lansley's
deed: validity.    conveyance to the appellant on a sale on a
judgment against Curless for some nine or ten dollars
costs accruing in the foreclosure of the mortgage. It
appears quite satisfactorily that the judgment and
costs had been paid long before the issuance of the
execution upon which this sale was made, a former
execution upon which the money was made not having
been returned.

Without discussing the appellant's abstract of title
further, it is sufficient to say that the defendant
acquired all the title that it now asserts after the
commencement of this action; that it took nothing by
the sheriff's deed to Wilson, nor by the quitclaim deed
from Susan Olney to Lansley; that its only shadow of
title is to the north half of the west half of the
northeast quarter of the northwest quarter of said
section, which title in its grantors was divested by
the two tax deeds under which the appellee holds the
property. Another consideration in favor of the

appellee is the fact that he was in undisturbed possession of the land for more than eight years.

We think the equities of the case are with the appellee, and that the judgment of the district court should be AFFIRMED.