S. W. TUCKER v. CHARLES CARLSON *et al.*, Appellants.

**Tax Deed:** DESCRIPTION CONSTRUED. A description in a tax deed, "the northwest twenty-eight acres of the southwest ¼ of the northeast ¼," etc., is not sufficient to describe a tract comprising all such 40 acres excepting a square acre off the northeast corner and an irregular tract of 11 acres off the southeast corner.

**Appeal:** STRIKING ADDITIONAL ABSTRACT. The supreme court will not strike an abstract on the ground that it is not filed on time under the rules, in the absence of a showing of prejudice.

**Notice on Co-defendant:** WHEN NOT REQUIRED. Where plaintiff dismissed his action as against one defendant, and the controversy on appeal can be determined without affecting the rights of such defendant, plaintiff cannot complain of the other defendant's omission to serve such defendant with notice of appeal.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, APRIL 11, 1901.

ACTION to quiet title. From a decree in plaintiff's favor, defendants appeal.—*Reversed.*

*Nannie M. Smith* and *J. F. Smith* for appellant.

*John E. Craig* and *A. L. Parsons* for appellee.

WATERMAN, J.—Two motions are submitted with the case. One seeks to strike the additional abstract of appellee because not filed within the time prescribed by the rules. Appellee claims the delay was caused by the fact that appellant took from the clerk's office the transcript of evidence, and kept it, despite appellee's frequent requests therefor. This is denied by appellant. We shall not attempt to settle this controversy, but shall overrule the motion, because we do not strike an abstract on the ground

that it is not filed in time under the rules unless there is some showing of prejudice, and no such showing is made in this case. *City of Fort Madison v. Moore,* 109 Iowa, 476, and cases cited therein.

The other motion filed by appellee asks to have the appeal dismissed on two grounds: (1) Because all the evidence has not been certified to this court; and (2) because notice of appeal was not served on one Gambrel, who was joined as defendant with appellant. As to the first ground, it is sufficient to say that the denial made by the appellee of the record is not in such form as to require its certification. An amended abstract is filed by him, apparently covering all the defects of which he complains. The omission to serve notice of appeal on Gambrel is of no consequence, for the action was dismissed by plaintiff as against him, and the controversy here presented can be determined without in any manner affecting his rights. This brings us to the merits of the case. Plaintiff claimed title to the southeast $\frac{1}{4}$ of northeast $\frac{1}{4}$ of section 21, township 65 north, of range 5 west, in Lee county, except 1 acre in northeast corner thereof and 6 acres in southeast corner; and he claimed also $9\frac{1}{2}$ acres in another 40-acre tract, of which no more particular description need be given. This action was brought in 1895, at which time plaintiff held separate tax deeds to these two tracts. As both of these deeds were held void by the trial court for indefiniteness of description, and plaintiff has taken no appeal, we need give them no further consideration. The cause stood in the trial court until the year 1898, when plaintiff, by amendment, set up a claim to the northwest 28 acres of the southeast $\frac{1}{4}$ northeast $\frac{1}{4}$, 21-65-5 west. A number of objections are urged to this so-called "amendment," but we need not rule upon them. On the trial, plaintiff introduced under this amendment another tax deed, in which the description of the land he claimed was as follows: "The northwest 28 acres of southeast quarter of northeast quarter of

section 21 of township sixty-five north of range five west," in Lee county, Iowa. This deed was held valid by the trial court, and upon it is founded the decree in plaintiff's favor. We have only to consider the sufficiency of the description. According to a plat presented by appellee, this description covers a tract of the following form:

S. E. N. E. 21.

Clearly, this is not the northwest 28 acres of this 40. Nor do we think under such a description any person could accurately plat the land which the deed purports to convey. It is impossible to know from the deed whether the southeast boundary line is intended to be straight or otherwise. Nowhere is the form of the tract described given. In *Roberts v. Deeds,* 57 Iowa, 320, the description in a tax deed was the "northwest part of northeast $\frac{1}{4}$, northeast $\frac{1}{4}$, section 31, township 74, range 8 west, containing three acres." The court held it insufficient; saying: "The description does not indicate the figure of the land." We do not see why this decision is not controlling on the question before us. The case is very different from one where the description is the north or south 28 acres, for instance, of a certain 40, because there the tract would be cut off or defined by the line parallel with the north and south boundaries of the subdivision in which the tract to be identified is located. Our conclusion is that the trial court was in error in holding the tax deed in question to be valid.—REVERSED.