MAGGIE WALLACE, Appellee, v. CHARLES L. WELD, Appellant.

**Taxation:** SALE OF PROPERTY: COMPLIANCE WITH STATUTES. The
1   statutes relating to the sale of property for taxes must be strictly
    complied with to divest the owner of his title; although varia-
    tions of a merely formal character, or which do not amount to a
    substantial departure from the method prescribed, may be dis-
    regarded.

**Same:** NOTICE OF INTENTION TO TAKE DEED: DESCRIPTION OF PROPERTY.
2   The notice of intention to take out a tax deed must describe with
    reasonable certainty the property to which the purchaser at the
    sale proposes to demand the conveyance. In the instant case the
    description contained in the notice is held insufficient to divest
    the owner's title.

*Appeal from Woodbury District Court.*—HON. DAVID
MOULD, Judge.

SATURDAY, FEBRUARY 12, 1910.

ACTION in equity to quiet title to real estate. Decree
for plaintiff, and defendant appeals.—*Reversed.*

*Henderson & Fribourg,* for appellant.

*O. D. Nickle,* for appellee.

WEAVER, J.—The controversy turns upon the question
of the validity of a tax deed which is the basis of the
plaintiff's claim of title. The cause was submitted in the
court below on the following:

Agreed Statement of Facts.

That on June 13, 1891, defendant, Weld, became the
owner of the record title to the west one hundred feet of

the east one hundred and twenty-five feet of lots seven and eight, in block seventy-four, Sioux City, in Woodbury County, Iowa, and that such record title .continued in said defendant until July 31, 1907, and that defendant has not conveyed or otherwise transferred his said record title. That on December 7, 1903, said property was sold at tax sale to J. Wallace, and a certificate of purchase and sale for taxes was thereupon issued to said J. Wallace, who assigned said tax certificate to the plaintiff. That thereafter plaintiff caused to be issued and served on the .party in whose name the property was then taxed and assessed and on the persons in possession of said property a notice of the expiration of the right of redemption from said tax sale. That annexed hereto and made part of this· agreed statement of facts is a copy of said notice with proof of service thereof, marked 'Exhibit A.' That said notice and proof of service were then filed in the office of the treasurer of Woodbury County, and no other notice of expiration of the right of redemption from said tax sale was ever served or filed. That, pursuant to said tax sale, notice of tax deed, and service thereof as aforesaid, a treasurer's tax deed issued for said property, dated, acknowledged, and filed for record on July 31st, 1907. That the real estate and the lots which form the subject-matter of this controversy are part of certain land which was duly platted and dedicated in October, 1858, and designated on said plat as 'Sioux City' and by no other name or designation, and that said town plat of said 'Sioux City' is recorded in the office of the recorder of Woodbury county, Iowa. That there are at least four additions to the said Sioux City, each of which contains a block numbered seventy-four, to wit, Pierce's addition, Leeds, West Morning Side addition, and Sioux City East addition.

The notice of the expiration of the period of redemption referred to in the foregoing .stipulation is in the following words:

Notice of Tax Deed. To C. L. Weld to Whom Taxed and Assessed, and Andrew F. Kegelmyer, E. T. Thompson, E. Roberts, and Mrs. C. Perrin, Parties in Possession: You are hereby notified that at a sale of lands and lots for

taxes, made on the seventh day of December, A. D. 1903, by the treasurer of Woodbury County, Iowa, the following described real property situated in the county of Woodbury and state of Iowa, to wit: West one hundred feet of east one hundred and twenty-five feet of lot seven (7) and eight (8), block seventy-four (74), in Sioux City addition, an addition to Sioux City, Iowa, was sold for the taxes of 1902, to J. Wallace who duly assigned within mentioned certificate of purchase thereof to Mrs. Maggie Wallace, who is now the lawful holder of the certificate of purchase thereof, and that the right of redemption will expire and a deed for said premises be made unless redemption from such sale be made within ninety days from the completed service of this notice. Dated this 1st day of November, 1906. Mrs. Maggie Wallace, by James Wallace, Her Agent, Lawful Owner and Holder of Certificate of Purchase.

The defendant disputes the validity of the tax deed on the ground that the notice above referred to does not accurately describe the property in question, and that the service thereof is insufficient to extinguish the owner's right of redemption. The district court held the notice and service were in substantial accord with the requirements of the statute, and therefore quieted the title in plaintiff. As will be noticed from the agreed statement of facts, the correct description of the property is the "west one hundred feet of the east one hundred and twenty-five feet of lots seven and eight in block seventy-four of Sioux City, Iowa," while the description contained in the notice upon which the tax deed issued is the "west one hundred feet of east one hundred and twenty-five feet of lot seven and eight, block seventy-four in Sioux City addition, an addition to Sioux City, Iowa." Are these descriptions so identical in form, substance, or meaning that the variance may be dismissed or ignored as being without prejudice to the holders of the patent title? While variations and discrepancies of a merely formal character not amounting to a substantial departure from the procedure required may well be dis-

1. TAXATION: sale of property: compliance with statutes.

regarded by the courts (see *Rowland v. Brown,* 75 Iowa, 679; *Funson v. Bradt,* 105 Iowa, 471), yet as taxation is an exercise of sovereign power by which private property is taken or compelled to contribute for public uses, and the estate of the individual is not infrequently sacrificed for the satisfaction of a tax claim of comparatively small moment, it is a well-established and just rule that the procedure by which this result is to be attained must be strictly followed, and, if this be not done, the title of the owner will not be divested. *Abell v. Cross,* 17 Iowa, 171.

Our statute provides, in effect, that a sale of land for taxes shall not be sufficient to divest the owner of his title or terminate his right of redemption until after the expiration of two years and nine months from the 2. SAME: notice of intention to take deed: description of property. date of sale and the service thereafter of a ninety days' notice of the intention to take a tax deed which notice must state, among other things, "the description of the property sold." Code, section 1441. It has often been held that to constitute a proper foundation for a treasurer's deed the description given in the notice must not be ambiguous or misleading, but must point out with reasonable certainty the very property of which the purchaser proposes to demand a conveyance. *Griffith v. Utley,* 76 Iowa, 292; *Ellsworth v. Nelson,* 81 Iowa, 57; *Bosworth v. Farenholz,* 3 Iowa, 84; *Collins v. Storm,* 75 Iowa, 36; *Poindexter v. Doolittle,* 54 Iowa, 52; *Roberts v. Deeds,* 57 Iowa, 320; *Smith v. Blackiston,* 82 Iowa, 242. Some of the cited cases deal with the sufficiency of descriptions in tax deeds rather than notices of expiration, but the reason for the rule is as persuasive in the one case as in the other.

Tested by this established standard, we are disposed to hold that the notice in the instant case is insufficient. The property in question is in lots seven and eight, block seventy-four of the town or city plat of Sioux City. The notice given is, as we have seen, of an impending tax deed

upon property in lots seven and eight of "block seventy-four in Sioux City addition, an addition to Sioux City, Iowa." It is conceded that there are at least four "additions to Sioux City, Iowa," in each of which is a "block 74." Each of these additions has an official name or designation; the one most nearly corresponding to the description given in the notice being "Sioux City East addition to Sioux City." Taking said notice and reading it in the light of the admitted facts, it seems clear that the plaintiff must be held to have been there attempting to terminate the right of redemption from tax sale of property—not in the original town plat of Sioux City, but in "an addition to Sioux City, Iowa." Such is its unequivocal statement, and we think the court can not say he meant something else. True, there is no "Sioux City addition" to Sioux City, but this fact only adds confusion to the situation, and renders it the more imperative that the notice be held ineffective to cut off the right of the lawful owner to save his property from confiscation. It will be noticed, too, that the omission of the word "East" in describing the addition named in the notice is all which prevents the definite and unequivocal location of the property in "Sioux City East addition," while to make such description fit the land described in the tax deed we are required to erase or ignore the words, "in an addition to Sioux City, Iowa," and read the remaining words as having application to the original plat only. Such violent and arbitrary methods of construction of language is rarely, if ever, to be indulged in, but, if ever allowable, it should not be employed to deprive a party of title to his property by tax deed, where, as in this case, he comes into court offering to reimburse the tax purchaser by full payment of the delinquent taxes with all proper penalties and interest. This conclusion is in harmony with the general trend of our own decisions. We have not examined cases cited to us from other jurisdictions, for each state has its own peculiar statutes upon the subject of taxation, and

decisions made thereunder are as a rule of but little aid in disposing of questions arising here. In our judgment the defendant was entitled to a dismissal of the plaintiff's claim and to have his own title quieted as asked in his cross petition, subject, of course, to his making payment within a reasonable period of the sum which the court may find the plaintiff entitled in redemption of said property from the tax sale. There is nothing in the record from which this court can make the proper computation, and it is therefore ordered that the cause be remanded to the district court for the entry of a decree in harmony with this opinion.

The decree appealed from is therefore *reversed.*