Russell W. LARSEN and Elaine Larsen, Appellants.

v.

Jack CADY and State of Iowa, Appellees.

No. 58100.

Supreme Court of Iowa.

Jan. 24, 1979.

Porter, Heithoff, Pratt & Reilly, Council Bluffs, and Williams, Clements & Blomgren, Oskaloosa, for appellants.

Gerald A. Kuehn, Asst. Atty. Gen., and Johnson, Stuart, Tinley, Peters & Thorn, Council Bluffs, for appellee, State of Iowa.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This is a suit brought by Russell W. Larsen and his wife, Elaine K. Larsen, to quiet title to certain real estate in Harrison County, Iowa. They appealed from a decree denying their claim, and the Court of Appeals reversed the trial court. We vacate the judgment of the Court of Appeals and affirm the district court decree.

Although there were originally numerous defendants, the case was dismissed as to all except Jack Cady and the State of Iowa. Now Cady, too, has dropped out, and only the State seeks further review of the Court of Appeals decision.

The dispute involves real estate to which plaintiff alleges Luchene Hester obtained two tax deeds in 1968. Plaintiffs also assert Hester and his wife conveyed this real estate to them by quit claim deed in 1969.

More than two years after the tax deeds were recorded, plaintiffs executed and filed a 120-day affidavit pursuant to § 448.15, The Code. The affidavit referred to the tax deed description and then set out a metes and bounds description, with the accompanying statement that the latter included the former.

Plaintiffs filed their quiet title petition on two grounds. They say they have good title by virtue of the tax deeds and the § 448.15 affidavit and, alternatively, they claim title by adverse possession. We put aside the adverse possession matter until later and consider first the validity of their tax title. We set out portions of the two statutes upon which plaintiffs rely.

Section 448.15 provides:

"After two years from the issuance and recording of a tax deed or an instrument purporting to be a tax deed issued by a county treasurer of this state, the then owner or holder of such title or purported title may file with the county recorder of the county in which such real estate is located an affidavit substantially in the following form:

\*      \*      \*      \*      \*      \*

"[The affiant] is now in possession of such real estate and claims title to the same by virtue of such tax deed, or such purported tax title.

"Any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed referred to herein shall file a claim of the same with the recorder of the county wherein such real estate is located, within one hundred twenty days after the filing of this affidavit, such claim to set forth the nature thereof, also the time and manner in which such interest was acquired."

Section 448.16 is as follows:

"When such affidavit [under § 448.15] is filed it shall be notice to all persons, and any person claiming any right, title, or interest in or to such real estate adverse to the title or purported title by virtue of such tax deed hereinabove referred to, shall file a claim of the same with the county recorder of the county in which such real estate is located within one hundred twenty days after the filing of such affidavit, which claim shall set forth the nature thereof, the time when and the manner in which such interest was acquired.

"At the expiration of said period of one hundred twenty days, if no such claim has been filed, all persons shall thereafter be forever barred and estopped from having or claiming any right, title, or interest in such real estate adverse to the tax title or purported tax title, and no action shall thereafter be brought to recover such real estate, and the then tax-title owner or owner of the purported tax title shall also have acquired title to such real estate by adverse possession."

It is undisputed that no adverse claim was asserted within 120 days after the § 448.15 affidavit was filed. Plaintiffs argue this is dispositive of the case because any claim the State might otherwise have is now barred. *See Simeon v. City of Sioux City*, 252 Iowa 779, 785, 108 N.W.2d 506, 509–10 (1961); *Patterson v. May*, 239 Iowa 602, 611, 29 N.W.2d 547, 553 (1947); *Swanson v. Pontralo*, 238 Iowa 693, 698, 27 N.W.2d 21, 24 (1947); *McCash v. Penrod*, 131 Iowa 631, 634–35, 109 N.W. 180, 181 (1906).

■ The State counters by arguing the tax deeds from Harrison County to Hester were void because of vague and uncertain descriptions and that therefore the affidavit filed pursuant to §§ 448.15 and 448.16 does not cut off existing adverse claims.

The tax deeds contained only the following descriptions:

> "Part of the northeast quarter of Section 17, Township 79 north, range 45, west of the 5th P.M. in Harrison County, Iowa."

> "Part of the southeast quarter of Section 17, Township 79 north, range 45, west of the 5th P.M. in Harrison County, Iowa."

It is apparent these descriptions do not sufficiently identify the land intended to be conveyed. It could be almost all of each quarter-section or almost none. Even if we knew—which we don't—the number of acres covered, there would be no way to determine their location. We have consistently held such deeds are void. *Mahaska County v. Bennett*, 150 Iowa 216, 222, 129 N.W. 838, 840 (1911); *Armour v. Officer*, 116 Iowa 675, 677–80, 88 N.W. 1058, 1059–60 (1902); *Tucker v. Carlson*, 113 Iowa 449, 451, 85 N.W. 901, 902 (1901); *Smith v. Blackiston*, 82 Iowa 240, 242–43, 47 N.W. 1075, 1076 (1891); *Ellsworth v. Nelson*, 81 Iowa 57, 58–59, 46 N.W. 740, 741 (1890); *Griffiths v. Utley*, 76 Iowa 292, 294, 41 N.W. 21, 22 (1888); *Collins v. Storm*, 75 Iowa 36, 37, 39 N.W. 161, 162 (1888); *Roberts v. Deeds*, 57 Iowa 320, 323, 10 N.W. 740, 741–42 (1881); *Poindexter v. Doolittle*, 54 Iowa 52, 53, 6 N.W. 136, 137 (1880);

*Blair Town Lot and Land Co. v. Scott*, 44 Iowa 143, 147–48 (1876); *Bosworth & Allen v. Farenholz*, 3 Iowa (Clarke) 84, 87 (1856).

■ However, our conclusion that the tax deeds are void does not end the controversy. Plaintiffs argue the State is barred from asserting any claim adverse to them, whether the tax deeds were void or valid by the limitation statutes already set out. (§§ 448.15 and 448.16). We disagree, although there is authority that *all* claims not asserted within 120 days are barred for failure to comply with the statute. *See Simeon v. Sioux City*, 252 Iowa 785–86, 108 N.W.2d at 510; *Swanson v. Pontralo*, 238 Iowa at 698–99, 27 N.W.2d at 25.

■ The cited cases, however, deal with situations in which there were defects which in no way denied an adverse claimant notice. We believe the present case is distinguishable from those. One purpose of § 448.15 is to afford those having adverse claims an opportunity to challenge one who claims title by tax deed. An earlier attack on the constitutionality of this statute was rejected with the caveat that a reasonable time to assert the adverse claim must be allowed. *Swanson v. Pontralo*, 238 Iowa at 698–99, 27 N.W.2d at 25. Can we say a tax deed and a later affidavit based thereon give notice to potential adverse claimants when the description is so vague and uncertain it is impossible to determine what interest is at stake?

If we were to do so, we would deny a potential claimant all opportunity to protest. This is not only contrary to the intent of the statute, it is also violative of due process.

■ To meet this, plaintiffs say the description in the affidavit was by metes and bounds which precisely identified the real estate and which served to avoid any uncertainty which might otherwise exist. This ingenious argument brings us to the question whether one may make a void tax deed valid by a self-serving affidavit setting out the real estate the tax deed *should* have described. We reject such a notion.

Plaintiffs refer us to *Alphin v. Banks*, 193 Ark. 563, 102 S.W.2d 558, 560 (Ark.1937) as authority for this proposition. In that case, however, there were recitations in the deed itself by which the real estate conveyed could be identified. There are none in the case now before us. To hold for plaintiffs we must say a deed void for want of certainty in the description may be unilaterally reformed by one claiming an interest in real estate not identifiable from the deed itself. Surely such a rule would cause more problems than it would cure. *Cf. Armour v. Officer*, 116 Iowa at 677–80, 88 N.W. at 1059–60; *Roberts v. Deeds*, 57 Iowa at 323–24, 10 N.W. at 741; *Poindexter v. Doolittle*, 54 Iowa at 53, 6 N.W. at 136–37. We hold plaintiffs are not entitled to a decree based on their alleged tax title and the trial court was right in refusing them one.

■ The trial court also found plaintiffs had failed to establish title on any other theory. This was apparently an oblique reference to the allegation in the petition that plaintiffs had "actual, open, notorious, continuous, exclusive, hostile and adverse possession" for more than ten years. This claim does not appear to have been seriously pressed. On appeal plaintiffs argued only their right to title under §§ 448.15 and 448.16, The Code. That is the only issue considered by the Court of Appeals, and we have limited our review accordingly.

We do not here decide whether the State has a valid claim to the real estate. We decide only plaintiffs should not have their title quieted.

■ We mention one other matter briefly. The trial court refused to consider the 120-day affidavit, holding that plaintiffs had waived their right to rely on § 448.16 as a statute of limitation by failing to specifically plead it.

Although it does not affect the result under our theory of the case, we believe this ruling was wrong. We agree with the Court of Appeals that under our liberal rules of pleading plaintiffs' allegation putting the question of limitation of actions in issue generally was, in the absence of motion, sufficient. It was not necessary to designate the particular statute by code section. *See Wilson v. Jefferson Transportation Co.*, 163 N.W.2d 367, 370 (Iowa 1968); rule 94, Rules of Civil Procedure.

We vacate the judgment of the Court of Appeals and affirm the decree of the district court.

Judgment of Court of Appeals vacated; judgment of district court affirmed.